375 So.2d 1084 (1979)
Hans Peter MATHES and Robert Gerard Mass, Appellants,
v.
STATE of Florida, Appellee.
No. II-366.
District Court of Appeal of Florida, First District.
September 12, 1979.
Rehearing Denied November 8, 1979.
Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellants pleaded nolo contendere to charges of possession of controlled substances, to wit: cocaine and opium, reserving the right to appeal and to urge that the trial court erroneously denied their motions to suppress evidence. Appellants challenge the validity of a search warrant for their residence because the affidavit supporting the issuance of the search warrant contained factual misstatements made by the government affiant. We affirm.
The search warrant was issued based upon the affidavit of Jacksonville Police Officer J.R. Spicer which indicated he believed controlled substances were contained in appellants' house for the following reasons:

*1085 Within the past 60 days your affiant has been working with a previously reliable confidential informant. Within the past ten (10) days, said confidential informant advised your affiant that he had been inside the above-described dwelling within the past ten (10) days and at that time personally observed a quantity of demerol in sealed vials with the word demerol imprinted on each vial.
Your affiant believes the information furnished him by said informant to be true and correct as said informant has furnished information to your affiant which has resulted in the arrest of seven (7) individuals over the past 60 days on drug charges and the seizures of a quantity of marijuana and other controlled substances.
In deposition, Spicer testified that he had been mistaken when he stated in his affidavit that the information furnished by the informant had resulted in the arrest of seven individuals. Actually, the information provided by this informant had resulted in the arrest of two individuals. Although they acknowledged that the misrepresentation was the result of an honest mistake on the part of Spicer, appellants, relying on United States v. Thomas, 489 F.2d 664 (5th Cir.1973), cert. denied, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975), argued that the misrepresentation vitiated the warrant since the erroneous statement was material to the establishment of probable cause.
We hold that the warrant was not invalid. In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court addressed the issue of whether a defendant has the right, under the Fourth and Fourteenth Amendments, subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant. The court held such right exists and held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Id. at 155-156, 98 S.Ct. at 2677. Further the Court stated:
To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue. Id. at 171-172, 98 S.Ct. at 2685 (Emphasis added).
The trial court denied appellants' motion to suppress finding that the misrepresentation was not intentional and was not material to the establishment of probable cause. The court utilized the test set forth in United States v. Thomas, supra, which provides that:
... [A]ffidavits containing misrepresentations are invalid if the error (1) was committed with an intent to deceive the magistrate, whether or not the error is material to the showing of probable cause; or (2) made non-intentionally, but the erroneous statement is material to *1086 the establishment of probable cause for the search. Id. at 669.
The Franks test appears to supplant that employed by the Fifth Circuit in United States v. Thomas, supra. Franks establishes that innocent or negligent misrepresentations, even if material, to the establishment of probable cause, do not vitiate a search warrant. Accord, United States v. Astroff, 578 F.2d 133 (5th Cir.1978) (en banc); United States v. Botero, 589 F.2d 430 (9th Cir.1978); United States v. Young Buffalo, 591 F.2d 506 (9th Cir.1979). The evidence supports the trial court's determination that Spicer's misstatement was unintentional and we cannot say that the evidence supports a finding that Spicer manifested a reckless disregard for the truth. Also, if we set aside the erroneous statement in the warrant affidavit that information furnished by affiant has resulted in seven arrests and substitute in lieu thereof that the information has resulted in two arrests, there remains sufficient content in the affidavit to support a finding of probable cause. Since it appears, however, as acknowledged by appellants below, that only a negligent misrepresentation or an innocent mistake was involved, under Franks v. Delaware, supra, the search warrant is clearly valid.
AFFIRMED.
MILLS, C.J. and ERVIN, J., concur.