McCORD, Judge.
This is an appeal from the trial court’s order withholding adjudication of appellants’ guilt and placing them on probation after their pleas of nolo contendere to possession of narcotic paraphernalia and possession of a controlled substance. The pleas preserved the appellants’ right to appeal the trial court’s denial of their motion to suppress, which the parties stipulated was dispositive of the case. We reverse.
At the motion hearing, police officer Ron Steverson testified that on August 20, 1980, he received a confidential tip that appellants had marijuana plants growing at their residence. He stated that because the tip was insufficient to support a search warrant, he proceeded to the farm of appellant Ken Kilpatrick’s father Dillon Kilpatrick, on which appellants lived, to talk to Dillon, whom he knew, about the information he had received. He stated that he left the public road and entered the farm on a private road looking for Dillon’s house. He passed a brick home and a trailer (the trailer was Dillon’s home) without stopping to ask for directions, thinking, he explained, that Dillon lived farther back on the property. He proceeded on down the private road for about one-half mile when he came to another trailer (appellants’) and saw marijuana plants growing outside the trailer. He stated that he then went back down the road to radio another policeman, who later came to the scene, and that Dillon drove up to appellants’ trailer about one-half hour later. Ken Kilpatrick arrived subsequently, and after confronting him with his discovery of the marijuana and arresting him, Steverson obtained Ken’s consent to search the trailer wherein he found a pound of marijuana and drug paraphernalia.
Appellants contend that the war-rantless seizure of marijuana at their trailer was not justified under the “plain view” exception to the search warrant requirement since Steverson did not make his observation from a place where he had a lawful right to be. They argue that they had a reasonable expectation of privacy at their trailer, one-half mile inside of private property, and that they were entitled to be free from unreasonable government intrusion. We agree. Steverson, without a warrant, entered this private property where he had been told marijuana was growing to see Dillon Kilpatrick in furtherance of investigation of the tip he had received. Not knowing where Dillon’s residence was located, he passed a brick house and a trailer where Dillon lived without making any inquiry but proceeded on back into the private property for about a half mile until he came to the second trailer where the marijuana was growing.
The circumstances of this case are analogous to those in State v. Morsman, 394 So.2d 408 (Fla. 1981), in which the Supreme Court held that citizens have a reasonable expectation of privacy in their backyards. There, an officer, having received information from a neighbor that marijuana was growing in the defendant’s backyard, knocked on the front door and received no answer. He then proceeded to the backyard where he saw the plants in “plain *1106 view.” The court rejected the plain view argument since the plants were not visible from the street or from a neighbor’s yard. Steverson’s act of driving one-half mile down a private road through private property after passing two dwellings along the way is equivalent to an officer going directly to the backyard of a house without even knocking first at the first door to make his inquiry. Steverson, under the circumstances when he arrived at the trailer, was at a place where Ken Kilpatrick had a reasonable expectation of privacy, and, therefore, his observation of the marijuana plants was the result of an invalid search and the fruits thereof should have been suppressed.
Appellee’s contention that Ken had no standing to question the validity of the search because he did not own the farm is without merit. The trailer where the marijuana was found was his residence. The cases relied upon by appellee on the standing question are cases which ruled that one does not have standing to question a search of another’s residence or another’s personal property. Appellant had standing to question the validity of a search of his own residence and the curtilage thereof. Compare Mixon v. State, 54 So.2d 190 (Fla. 1951).
Appellants also contend that the consent to search their trailer was not freely and voluntarily given due to the unconstitutional taint resulting from the illegal seizure of the growing plants outside the trailer. We agree. Steverson obtained Ken’s consent as a direct result of the illegal arrest which was predicated upon the fruits of the unconstitutional search. Therefore, under the facts of this case, the consent did not relieve the search of its unconstitutional taint. Bailey v. State, 319 So.2d 22 (Fla. 1975).
REVERSED.
ROBERT P. SMITH, Jr., C. J., and MILLS, J., concur.