MILLS, Judge.
Francis appeals his conviction for robbery with a firearm. We affirm.
A convenience store was robbed by a black male carrying a shotgun and wearing a stocking cap. He was described as having a large nose and being very dark. There were four witnesses, two clerks and two customers. One clerk and one customer could not make any identification but the others positively identified Francis in court. A shotgun seized from Francis was admitted in evidence and Detective Kearney testified to a confession made by Francis.
Francis challenges the admissibility of the gun and of the confession. Francis was arrested in his home, pursuant to a warrant. This warrant was issued upon Kearney’s affidavit. In the affidavit Kearney described the robbery, identified Francis as a suspect and stated that a witness had positively identified a photograph of Francis. In fact the witness chose Francis’ photograph from a line-up and said that it most resembled the robber. Francis argues that this misstatement renders the warrant void and since a warrant was required, Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the arrest was illegal. He further asserts that confession and consent to seize the weapon are fruits of the arrest and should be suppressed, Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
Whether a material misstatement in the supporting affidavit voids a warrant depends upon whether the misstatement was merely innocent or negligent or was intentional or reckless, Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Mathes v. State, 375 So.2d 1084 (Fla. 1st DCA 1979). Upon proper allegations the trial court is required to hold a pretrial. evidentiary proceeding on this issue. This was done in this case with deposi *933 tion testimony substituting for live testimony. After reviewing the evidence and hearing argument the court below denied the motion to suppress. A finding of innocent or negligent misrepresentation is supported by the record. Furthermore had the accurate word “tentative” been substituted for “positive” in the affidavit, cf. Mathes, supra, there would have been sufficient cause for the arrest warrant to issue. The admission of the confession and weapon was not error.
Francis also argues that the jury should have been instructed on robbery with a weapon, Reddick v. State, 394 So.2d 417 (Fla.1981). Reversal on this point is useless in light of the new Rules of Criminal Procedure 3.510, see Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982); Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981).
For the above reasons the judgment below is affirmed.
LARRY G. SMITH and SHAW, JJ., concur.