413 So.2d 1268 (1982)
James John MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. AF-281.
District Court of Appeal of Florida, First District.
May 14, 1982.
*1269 Virlyn B. Willis, Jr., Lake City, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., and Stephen C. Fredrickson, Legal Intern, Tallahassee, for appellee.
WENTWORTH, Judge.
This is an appeal from a conviction upon plea of nolo contendere to the offense of cultivating cannabis. The plea was entered after the trial court denied appellant's dispositive motion to suppress. We affirm.
Shortly before August 29, 1979, Sheriff Bailey of Columbia County asked his deputies to furnish him with a list of areas in which they suspected that marijuana was being grown. Deputy Graham told the sheriff about several such areas, one of which was located across a highway from appellant's property. On August 29, the sheriff borrowed a helicopter and pilot from the Duval County Sheriff's Office. While flying over appellant's land, the pilot said "here's a field over here," and they circled back around. Once over the field, the helicopter was lowered to within 150 feet of the ground. The sheriff, using binoculars, identified the plants in the field as marijuana.
The sheriff then returned to Lake City and executed an affidavit for search warrant. The affidavit described appellant's property, alleged that it contained marijuana, and stated that the affiant was patrolling the "above-described area and the surrounding vicinity in a helicopter ... in an effort to locate a patch of cannabis that was reported to be in the above-described area." The affidavit also stated that Deputy Graham had provided the information that cannabis was growing in that area.
In his first point on appeal, appellant argues that the sheriff was conducting an illegal search of his premises when he saw the marijuana. Appellant points out that his premises and home were located in an area protected by a locked gate, and that nothing unlawful could be observed from the public road. Appellant relies on this court's opinion in Kilpatrick v. State, 403 So.2d 1104 (Fla. 1st DCA 1981) for his contention that the search and seizure were not justified under the "plain view" doctrine. The state responds that the helicopter observation of the marijuana provided a legal basis for obtaining a search warrant under the "open fields" doctrine. DeMontmorency v. State, 401 So.2d 858 (Fla. 1st DCA 1981).[1]
In Kilpatrick, the officer was within the curtilage of the defendants' home when he observed the marijuana. The court held that he had no right to be there and therefore *1270 the observation could not be justified under the plain view doctrine. In DeMontmorency, the growing marijuana was not located within the curtilage of the defendant's home. This court held accordingly that there was no expectation of privacy in the area even though it was fenced and the officers trespassed across the defendant's property before they were able to observe the marijuana.
As these two cases indicate, the distinction between the "plain view" doctrine and the "open fields" doctrine lies in the possessor's expectation of privacy in the area observed. If an officer is in a constitutionally protected area and he has no right to be there, items which he views there may not be seized under the plain view doctrine. If, however, the area observed is not constitutionally protected, evidence obtained pursuant to the observation may be admissible under the "open fields" doctrine.[2]
Appellant did not, in our opinion, have a reasonable expectation of privacy in his field of growing marijuana. The pilot of the helicopter spotted the field as he flew over it at the usual height at which such aircraft travel. When the helicopter was lowered to within 150 feet of the ground, the sheriff was able to positively identify the plants with the use of binoculars. Finally, the plants were growing 300 to 450 feet away from the appellant's home.[3] Under these circumstances, appellant had no reasonable expectation that the area would be free from government intrusion in the form of a helicopter observation.
In his second point on appeal, appellant argues that the affidavit in support of the warrant contained a material misstatement which voided the warrant. The affidavit indicated that Deputy Graham had described appellant's property to the sheriff as one he suspected of growing marijuana. In fact, Graham had described some nearby property, and the observation of appellant's field was inadvertent. According to appellant, this is a false statement made with reckless disregard for the truth. However, there is no support for this contention in the record. On the contrary, the record amply demonstrates that the misstatement was an innocent mistake. Francis v. State, 412 So.2d 931 (Fla. 1st DCA 1982).
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] Proceedings for review of Kilpatrick and DeMontmorency are currently pending in the Florida Supreme Court.
[2] See Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).
[3] See DeMontmorency, at 862, nn. 7 & 8, for a discussion of the relevancy of the distance between the home and the area observed.