417 So.2d 1024 (1982)
Robert John BRENNAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-41.
District Court of Appeal of Florida, Second District.
July 2, 1982.
Rehearing Denied August 11, 1982.
*1025 Jerry Hill, Public Defender, W.C. McLain and David A. Davis, Asst. Public Defenders, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Robert John Brennan appeals a judgment and sentence for possession of more than twenty grams of marijuana, contending that the trial court erred in denying his motion to suppress the evidence. We affirm.
Chief Collier County Deputy Sheriff Chuck Whidden, while flying in a helicopter at treetop level, observed marijuana growing in a heavily wooded area known as Butz Town. He was looking for marijuana because of an earlier tip. The property belonged to Dudley Butz, and appellant lived on and had exclusive use of the parcel of land where the marijuana was seen. The marijuana could not be seen from the roadway because of the surrounding thick woods and brush. On the following day, Thomas and Deputy Hunter walked onto the property without a search warrant, proceeded through the wooded area, and discovered cultivated plots of marijuana. Pathways connected the plots and a mobile home, which was approximately 150 yards away.
Hunter discovered appellant in the area of the cultivated marijuana, but not actually on the site where the plants were growing. The deputies asked appellant for identification, and he told them it was inside the mobile home. Appellant was arrested, and Thomas then accompanied him to his mobile home. While inside a partially screened and partially boarded up enclosure attached to the mobile home, Thomas saw small marijuana plants growing in paper and styrofoam cups.
The instant case is very similar to Murphy v. State, 413 So.2d 1268 (Fla. 1st DCA, 1982), which also involved the observation of fields of marijuana from a low-flying police helicopter. The first district held that although the premises were protected by a locked gate, the defendant did not have a reasonable expectation of privacy in his marijuana field, which was 300 to 450 feet away from the defendant's home  approximately the same distance as that involved here. The first district concluded, relying on DeMontmorency v. State, 401 So.2d 858 (Fla. 1st DCA 1981) (marijuana outside the curtilage of the home), and distinguishing Kilpatrick v. State, 403 So.2d 1104 (Fla. 1st DCA 1981) (observation of marijuana made from within the curtilage),[1],[2] that since the area in question was not constitutionally protected from governmental intrusion in the form of a helicopter *1026 observation, evidence obtained pursuant to the observation was admissible under the "open fields" doctrine, see Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).
Another highly similar case is United States v. DeBacker, 493 F. Supp. 1078 (W.D. Mich. 1980), in which the police, while investigating a tip, made an aerial pass at 200 feet and spotted marijuana. To confirm the sighting, they made a second pass at fifty feet. The same arguments made by appellant here were propounded in DeBacker. The court concluded that the defendant's farm, located in the "boondocks," according to one witness (as is the case here), was an open field and that isolated instances of aerial surveillance of it were constitutional. The court further reasoned:
Moreover, on balance, defendant's relatively minor expectations of privacy do not outweigh the value of society in permitting such nonintrusive surveillance. The police were in a place they otherwise had a right to be, and defendant's fields were plainly observable from the air. Merely because defendant neatly planted contraband in places not observable from the road doesn't mean that all surveillance of the property thereafter is foreclosed. The Fourth Amendment prohibits unreasonable searches and seizures, not all searches and seizures.
Furthermore, all observation of defendant's fields was isolated, though a previous observation had been made in the prior fall. The police here did not regularly view defendant's property in the hopes of happening upon a crime. Instead, the police, acting upon an anonymous telephone tip, merely sought to verify it in as nonobtrusive a way as possible.
Id. at 1081. DeBacker was cited in State v. Layne, 623 S.W.2d 629 (Tenn.Cr.App. 1981), where the police viewed marijuana from a helicopter at a height of 1800 feet. The court, after a review of many cases from other jurisdictions, held that the officers had (1) a legal right to be where they were (provided no federal or state flight regulations were violated) and (2) the authority to arrest those on the ground as a result of the "open view" doctrine.
Appellant makes much of the low altitude of the deputy's flyover here. Yet both Dean v. Superior Court, 110 Cal. Rptr. 585, 35 Cal. App.3d 112 (3d DCA 1973), and State v. Stachler, 58 Haw. 412, 570 P.2d 1323 (1977), indicate that the observer's altitude is a minor factor in considering the reasonableness of an expectation of privacy. Federal regulations, specifically 14 C.F.R. § 91.79(d), allow helicopters to fly at an altitude of less than 500 feet provided such operation is conducted without hazard to persons or property.
We conclude on the basis of the foregoing authorities that the deputies' actions here were an appropriate application of the "open fields" doctrine.
Accordingly, appellant's judgment and sentence is AFFIRMED.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] Proceedings for review of DeMontmorency and Kilpatrick are currently pending before the Florida Supreme Court.
[2] State v. Rickard, No. 54,877 (Fla., Apr. 29, 1982), upon which appellant relies, similarity involves marijuana found within the curtilage.