417 So.2d 822 (1982)
STATE of Florida, Appellant,
v.
Jere Daniel BELL, Darrell Armbruster, Fred Cunningham, III, William McAllister Morrell, Adrian T. Perschl, Jr., James Lee Winberry, Gary Cawthorne and Michael Garth Manning, Appellees.
No. 81-1988.
District Court of Appeal of Florida, Fourth District.
August 4, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Dean L. Willbur, Jr., of Burns & Willbur, Tequesta, for appellees.
ANSTEAD, Judge.
The trial court granted a motion to suppress evidence seized during a search conducted pursuant to the execution of a search warrant. The trial court concluded that the warrant was improperly issued because the police officers who had observed the activities of appellees which gave rise to the issuance of the warrant had not been shown to have had a legal right to be where they were when they made their observations. We reverse.
Apparently the officers observed appellees at various times from vacant residential lots and a lot upon which a condominium apartment building was being constructed. To sustain their position in the trial court the appellees relied solely on statements of the officers that they had not specifically secured permission of the property owners before going onto the properties. The appellees had no interest in the lots in question and no evidence was adduced as to the identity of the owners of the lots.
In the case of Ensor v. State, 403 So.2d 349 (Fla. 1981) the Supreme Court distinguished the type of police conduct involved herein from the earlier established "plain view" exception to the warrant requirement:
The third situation concerns a "pre-intrusion." Here, the officer is located outside *823 of a constitutionally protected area and is looking inside that area. If the officer observes contraband in this situation, it only furnishes him probable cause to seize the item. He must either obtain a warrant or have some exception to the warrant requirement before he may enter the protected area and seize the contraband. As with the non-intrusion situation, the term "plain view" should not be employed here to prevent confusion. For clarity, we label an observation in the latter two non-Coolidge situations as a legally permissive "open view."
Id. at 352. As in Ensor, the police here were located outside of any constitutionally protected area and looking into such an area when they gathered the information that furnished probable cause for the subsequent issuance of a warrant. Also see State v. Rickard, (Fla. Supreme Court case No. 54,877, opinion filed April 29, 1982) [7 FLW 193].
However, the appellees claim that the police must demonstrate that they were legally upon the adjacent property at the time they made their observations. We think the appellees have misconceived their burden to establish standing and have also failed to establish a reasonable expectation of privacy under the factual circumstances present herein. Defendants who challenge a search conducted pursuant to a warrant have the burden of demonstrating the illegality of the search and a violation of their reasonable expectation of privacy.
Initially, and as a predicate to complaining about an illegal search, a defendant must establish his own standing or reasonable expectation of privacy in the premises. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Put simply, a person can only complain about illegal police intrusions into areas wherein that person has a valid personal expectation of privacy. Katz. In the usual case, for instance, a homeowner would clearly have standing to complain about an illegal intrusion into his home but would not have standing to complain about an illegal intrusion into his neighbor's home. In our view that is precisely the situation we have at hand. The appellees are complaining about an alleged illegal intrusion onto property in which they concededly had absolutely no expectation of privacy. Just as a defendant is barred from challenging an illegal search of the very premises upon which he is located absent a demonstration of personal privacy rights, we believe he is similarly barred from challenging an illegal intrusion onto property in which he admittedly has no interest and in which no search or seizure takes place.
We concede that most of the cases that involve police surveillance of illegal activity or contraband note the status of the police on the property from which the surveillance is made. See e.g. State v. Rickard, supra. In cases of "plain view" where the police are in a constitutionally protected area when they observe the contraband or illegal activity, it is clear that the police must have a legal right to be where they are vis-a-vis the privacy rights of the person complaining. However, when the police are located outside of a constitutionally protected area we do not believe a defendant has standing to complain of the legal status of the police observer absent evidence that the police have otherwise violated the defendant's expectations of privacy. In other words, a person who conducts illegal activity or possesses contraband that is completely open to view from adjacent property will not generally be deemed to have a reasonable expectation of privacy. Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978). In the case at hand the appellees demonstrated no expectation that their activities would not be observed by persons who might intentionally or accidentally come upon the vacant lots or construction site in question. Those persons might include the owners of the lots in question, legitimate visitors, casual trespassers or the police themselves.[1]
*824 Accordingly, having concluded that the appellees have failed to demonstrate a violation of their privacy rights, we reverse the order of the trial court and remand this cause for further proceedings.
HERSEY, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.
NOTES
[1] Indeed, we do not believe appellees demonstrated that the police were acting unlawfully in going upon the vacant lots and construction site. Absent a demonstration to the contrary we believe police officers have an implied invitation to go upon open vacant residential lots and construction sites when they determine that suspicious activity is taking place in the vicinity. One of the basic purposes of police protection is to observe and protect property such as was involved herein. For instance, it would be of substantial surprise to this court to find that the owner of the condominium development project involved would be upset if he learned that the police had gone upon the construction site in the evening hours. To the contrary, we would expect that the owner would be anxious to have the extra police attention. The same may be said of the vacant lots. Of course, property that is improved is usually treated differently in view of the substantial privacy rights of the occupants. See e.g. Hansen v. State, 385 So.2d 1081 (Fla. 4th DCA 1980), pet. for rev. denied 392 So.2d 1379 (Fla. 1980). This does not mean that the possessor of a vacant lot or construction site may not expressly bar the police or otherwise demonstrate exclusionary privacy interests in the property by the erection of signs, fences, etc., but such has not been demonstrated to have occurred here.