425 So.2d 107 (1982)
Lee Lewis MAISLER, Appellant,
v.
STATE of Florida, Appellee.
No. AG-428.
District Court of Appeal of Florida, First District.
December 28, 1982.
Rehearing Denied February 3, 1983.
Charles G. Brackins of Meldon & Brackins, Gainesville, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden and Raymond L. Marky, Asst. Attys. Gen., for appellee.
*108 PER CURIAM.
Appellant raises three issues on appeal, one of which he concedes is controlled by Murphy v. State, 413 So.2d 1268 (Fla. 1st DCA 1982). We have considered appellant's contention that Florida's legislative proscription on the private possession of cannabis is violative of Article I, Section 23 of the Florida Constitution, but conclude that no compelling argument has been made in support thereof and, accordingly, affirm the trial court's denial of appellant's motion to dismiss the information. Appellant's third contention challenges the sufficiency of the circumstantial evidence to withstand a motion for judgment of acquittal made at the close of the State's case. It is this contention which we consider below.
Appellant was charged by information with the unlawful manufacture of cannabis and possession of more than 20 grams of cannabis. An aerial view revealed cannabis plants growing in an area behind a trailer belonging to persons unknown. A warrant was secured to search the premises. On the authority of that warrant, Sheriff Leonard, Deputy Sheriff Maxwell and Deputy Sheriff St. John approached the trailer, which was occupied at the time of their arrival by a woman and small child. The woman, who was advised of the officers' purpose, requested to make a phone call. That request was granted. The officers then proceeded to execute the warrant. Within 20 to 30 minutes of their arrival on the premises and during the search, appellant drove his car into the driveway, slammed the car door upon exiting, and directly entered the trailer without announcing his presence by knocking.
A total of 142 plants of cannabis was discovered on the property searched. One hundred ten plants, some of which were growing in cardboard-type containers, were found in a hothouse located less than 60 feet away from and directly behind the trailer. On a wood-chip walkway, which ran from the rear of the trailer to the hothouse, was a water hose attached to a spigot located in front of the hothouse. A bicycle was also discovered in the hothouse amongst the plants of cannabis.
A cleared dirt pathway into a wooded area ran along side the right side of and behind the trailer. The left side of that pathway was intersected at four intervals between 200 and 500 feet from the trailer with small branch trails upon which the remaining 32 cannabis plants were located. Those plants had initially been placed in cardboard containers similar to the ones found in the hothouse. The majority of the 32 cannabis plants were found within 40 to 70 feet from the main path. A water hose connected to a pump house located to the right of the trailer reached almost to the last branch trail.
While the officers were loading incriminating items found on the premises into a truck, appellant inquired as to why the water hose and his bicycle were being seized. Impressions of bicycle treads similar to the treads on the bicycle found in the hothouse had been discovered on the main pathway into the wooded area.
In order to convict an accused of constructive possession, the State must prove beyond a reasonable doubt that the accused had the ability to maintain control over the contraband and knowledge of its presence on the premises. These elements will be inferred if the premises are in the exclusive possession of the accused; however, if premises on which narcotic drugs are found are in the joint possession of the accused, then the accused's knowledge of the presence of the drugs and ability to maintain control over same will not be inferred but must be established by proof. Such proof may consist of evidence of incriminating statements and circumstances from which the jury might lawfully infer the requisite knowledge and ability to maintain control. Brown v. State, 412 So.2d 420 (Fla. 4th DCA 1982); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). We conclude that the totality of the evidence presented was sufficient for a jury to reasonably infer that appellant had a possessory interest in the property and was currently residing thereon, and that he had both knowledge of the presence of the cannabis *109 on the premises and the ability to maintain control over same.
We recognize that in cases sought to be proved by circumstantial evidence, a special standard of review requires that the evidence must not only be consistent with guilt but also inconsistent with any reasonable hypothesis of innocence;[1] however, as stated in Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974):
[T]he test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Vick v. United States, 216 F.2d 228 (5th Cir.1954). The jury is the pivotal point at which evidence is aimed, not the courts.
See also Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978). Applying that test to the facts of this case, we find that the issue of constructive possession was a question of fact properly submitted to the jury for deliberation. Accordingly, the judgments of conviction are affirmed.
BOOTH and WENTWORTH, JJ., concur.
McCORD, J., dissents with written opinion.
McCORD, Judge, dissenting.
In my view, the circumstantial evidence, upon which the state based its case, was insufficient to sustain a verdict of guilt. The only evidence linking appellant to the cannabis was his action, upon arriving on the property, of slamming his car door and entering the trailer without knocking and his comment regarding the seizure of the bicycle and the water hose. As the majority has stated, in order to prove constructive possession, the state must show beyond a reasonable doubt that the accused had the ability to maintain control over the contraband and that he had knowledge of its presence on the premises. Although those elements may be inferred if the premises on which the contraband is found are in the exclusive possession of the accused, if the premises are found in the joint possession of the accused and another, the accused's knowledge of the presence of the drugs and his ability to maintain control over them will not be inferred but must be established by proof. Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). When, as here, proof of knowledge and proof of control rests exclusively upon circumstantial evidence, that proof must not only be consistent with guilt but also must be inconsistent with any reasonable hypothesis of innocence. Mishmash v. State, 423 So.2d 446 (Fla. 1st DCA, opinion filed December 1, 1982); Kickasola v. State, 405 So.2d 200 (Fla. 3rd DCA 1981); Peek v. State, 395 So.2d 492 (Fla. 1980). Here, not only was there no direct proof or adequate circumstantial evidence to prove exclusive possession of appellant, but there was a lack of proof to show joint possession of appellant and the woman occupying the premises. There was nothing to show that he was anything other than a visitor to the premises. The state's evidence falls short of proof that is inconsistent with any reasonable hypothesis of innocence. Therefore, I would reverse.
NOTES
[1] See, Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Ferguson v. State, 417 So.2d 631 (Fla. 1982). We note, however, that the special treatment afforded circumstantial evidence has been eliminated from Florida's Standard Jury Instructions in Criminal Cases on the basis that an instruction on reasonable doubt and burden of proof is sufficient.