442 So.2d 990 (1983)
Michael Kevin COSTELLO, Appellant,
v.
STATE of Florida, Appellee.
No. AS-352.
District Court of Appeal of Florida, First District.
November 7, 1983.
Rehearing Denied January 11, 1984.
William J. Sheppard and Elizabeth L. White, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Costello appeals his conviction for manufacturing cannabis. The trial court denied Costello's dispositive motions to suppress. Costello then pled nolo contendere. The trial court withheld adjudication and sentenced Costello to five years probation.
*991 Florida Department of Law Enforcement (FDLE) agents, with assistance from the Columbia County Sheriff's Department, conducted a warrantless aerial search for marijuana. From an altitude of approximately one thousand feet, the FDLE agent piloting the airplane spotted what he thought to be a patch of growing marijuana. The pilot dropped to an altitude of approximately five hundred feet where he and the copilot confirmed the pilot's suspicion. The pilot then radioed authorities on the ground who, without a search warrant and following the pilot's directions, drove onto Costello's property. They then located and seized the marijuana and arrested Costello who drove up shortly after the authorities arrived.
Costello contends the seized marijuana plants should have been suppressed because the warrantless aerial search and subsequent warrantless seizure were illegal. We disagree and affirm.
Costello and his wife live in their house on approximately ten acres in a rural section of Columbia County. The marijuana was not visible from the ground unless the observer was on Costello's property. It was, however, readily visible from the air.
Costello's first point on appeal is that the warrantless aerial search was illegal. But we have held that such searches do not violate constitutional rights where there is no reasonable expectation of privacy in the area searched. Murphy v. State, 413 So.2d 1268 (Fla. 1st DCA 1982).
Here, as in Murphy, the appellant did not have a reasonable expectation of privacy in his marijuana patch. The marijuana was spotted from the air where the FDLE agents unquestionably had a right to be. The pilot first saw the marijuana from an altitude of approximately one thousand feet and made positive identification from approximately five hundred feet. In this circumstance, where the marijuana was clearly visible from an area not constitutionally protected, Costello had no reasonable expectation of privacy in his marijuana patch.
Costello's next point on appeal is that the seizure of the marijuana was illegal even if the aerial search was legal because the authorities entered his property without a search warrant. Costello emphasizes the rural location of the property and several steps allegedly taken to insure privacy and solitude. But our conclusion that Costello had no reasonable expectation of privacy in his marijuana patch because of its clear visibility from the air also applies in determining the legality of the subsequent entry onto the property. Thus, the authorities did not need a warrant because they entered an area where there was no reasonable expectation of privacy. See Brennan v. State, 417 So.2d 1024 (Fla. 2d DCA 1982).
The situation here, where there is no reasonable expectation of privacy in the area observed, should be distinguished from the situation described in Ensor v. State, 403 So.2d 349 (Fla. 1981), where the observer is looking into an area where there is a reasonable expectation of privacy. In that situation, a search warrant or an exception to the warrant requirement is necessary before the authorities enter to seize the contraband.
Costello's last point on appeal, that statements he made after his arrest should have been suppressed as fruit of the poisonous tree, is without merit because the search and seizure was legal.
The trial court's denial of the motions to suppress is affirmed.
SHIVERS and ZEHMER, JJ., concur.