DOWNEY, Judge.
On November 27, 1978, the State filed an information charging Jere D. Bell, Darrell Armbruster, Fred Cunningham, III, William M. Norrell, Adrian T. Perschl, Jr., James L. Winberry, Gary Cawthorne, and Michael G. Manning, with having committed the offense of having actual or constructive possession of more than 100 pounds of marijuana. On November 17, 1982, a jury returned verdicts finding each defendant guilty of “Possession of marijuana in excess of 100 lbs. as charged in the Information_” The circuit court adjudicated all defendants guilty pursuant to those verdicts and sentenced all except Bell, whom the court placed on probation, to prison terms. This is an appeal from those judgments and sentences by all defendants except Bell, whose appeal we decide in a separate decision filed this day. This is also the third appearance here of this cause, we having earlier reversed orders that suppressed evidence taken from the residence in which the defendants were arrested. See State v. Manning, 396 So.2d 219 (Fla. 4th DCA 1981), and State v. Bell, 417 So.2d 822 (Fla. 4th DCA 1982).
On this appeal the defendants seek reversal of their convictions on four grounds, three of which we treat summarily. The first two grounds were not preserved for appeal because the defendants did not object on illegal seizure grounds to the admission into evidence of four bales of marijuana weighing in excess of 100 pounds. Robertson v. State, 94 Fla. 770, 114 So. 534 (1927); Rodriguez v. State, 433 So.2d 1273, 1275 (Fla. 3d DCA 1983), and cases cited therein. The third point is properly here because the defendants objected on chain of custody grounds to the admission of the four bales into evidence, but it is without merit because the defendants made no showing of any tampering. Peek v. State, 395 So.2d 492 (Fla.1981); Helton v. State, 424 So.2d 137 (Fla. 1st DCA 1982); Beck v. State, 405 So.2d 1365 (Fla. 4th DCA 1981). See, too, United States v. Kubiak, 704 F.2d 1545 (11th Cir.1983) (failure to establish a chain of custody of a marijuana sample affects only the weight of the evidence, not the admissibility).
The last point warrants discussion. Defendants say that the evidence adduced at trial was insufficient to prove that each defendant had possession, either actual or constructive, of marijuana in excess of 100 pounds. That undisputed evidence is as follows.
At about 1 a.m. police, exercising surveillance, observed what appeared to be bales being unloaded from a boat at a dock behind a residence where the appellants were arrested. During the four hour period of surveillance a search warrant was obtained by one of the officers. The odor of marijuana could be smelled outside the residence. When the police entered the residence pursuant to the warrant they found: (a) the appellants sleeping fully clothed on the floors of two rooms; (b) 265 bales of marijuana weighing about 10,000 pounds in a bedroom; (c) a baking pan with marijuana and rolling papers in it; (d) a police radio scanner in the “on” position .and a paper that deciphered police numerical codes; (e) a countersurveillance nightscope device; and (f) two automobiles in the garage of the residence that had marijuana residue in their trunks.
Defendants argue that, because there is no evidence showing that any one defendant had control over the 265 bales of marijuana found inside the residence, including the four bales introduced into evidence, the verdicts have no basis. We do not agree. Possession of contraband, including illegal drugs, may be joint constructive possession. Smith v. State, 363 So.2d 21 (Fla. 3d DCA 1978). The prosecution may prove joint constructive possession by circumstantial evidence. United States v. Tamargo, 672 F.2d 887 (11th Cir. 1982). In addition, the prosecution may *835 prove joint possession by two or more defendants without proving actual physical possession by any one defendant. Cooper v. State, 171 Ind.App. 350, 357 N.E.2d 260, 265 (1976); Russell v. State, 395 N.E.2d 791, 801 (Ind.App.1979). Cf. Latimer v. State, 134 Ga.App. 372, 214 S.E.2d 390 (1975); United States v. Morando-Alvarez, 520 F.2d 882 (9th Cir.1975). The evidence adduced, described above, was sufficient circumstantial evidence to permit the jury to find all the defendants guilty of joint constructive possession. Cf. Maisler v. State, 425 So.2d 107 (Fla. 1st DCA 1983).
For the foregoing reasons, we affirm the judgments and sentences appealed from.
AFFIRMED.
ANSTEAD, C.J., and HERSEY, J., concur.