453 So.2d 183 (1984)
Robert MASTERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-489.
District Court of Appeal of Florida, Third District.
July 24, 1984.
*184 Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Randi B. Klayman, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
While the defendant's marijuana patch was located but forty feet from the side of his home, since it did not lie within a common fence or enclosure and was manifestly used for commercial rather than for family or domestic purposes associated with a dwelling, it cannot be deemed to have been within the "curtilage" of the home. Care v. United States, 231 F.2d 22 (10th Cir.1956), cert. denied, 351 U.S. 932, 76 S.Ct. 788, 100 L.Ed. 1461 (1956); Phillips v. State, 177 So.2d 243 (Fla. 1st DCA 1965); 25 C.J.S. Curtilage p. 81 (1966); see Oliver v. United States, ___ U.S. ___, ___, n. 12, 104 S.Ct. 1735, 1743, n. 12, 80 L.Ed.2d 214, 226, n. 12 (defining curtilage as "the area around the home to which the activity of home life extends.") Under the controlling authority of Oliver, the defendant was therefore not entitled to fourth amendment protection as to that area. On this basis, the challenged order denying suppression was correct, and the conviction for trafficking in cannibis is
Affirmed.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the judgment of conviction and sentence under review and remand with directions to discharge the defendant from the cause. The entire case against the defendant is based, in my view, on the fruits of an unreasonable search and seizure prohibited by the Fourth Amendment, which fruits should have been suppressed by the trial court upon proper motion filed by the defendant below.
I would hold that the defendant's side and back yard, where the marijuana in question was seized, was part of the "curtilage" of the defendant's home, was not part of the "open fields" as the court herein implicitly holds, and was therefore entitled to Fourth Amendment protection. By definition, it seems to me that the yard surrounding a typical home, as here, is part of the "curtilage" of the home because it is "the area to which extends the intimate activity associated with the `sanctity of a man's home and the privacies of life' (citation omitted) and therefore has been considered part of [the] home itself for Fourth Amendment purposes." Oliver v. United States, ___ U.S. ___, ___, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214, 225 (1984). The home life of a typical homeowner necessarily extends to his yard which is considered by most people as an extension of the home itself. Indeed, it has been held that "[t]he privacy of a Florida backyard is generally protected by law" under the Fourth Amendment, State v. Rickard, 420 So.2d 303, 306 (Fla. 1982), and that a homeowner's backyard which cannot be seen from the public street, as here, is entitled to Fourth Amendment protection. State v. Morsman, 394 So.2d 408 (Fla.), cert. denied, 452 U.S. 930, 101 S.Ct. 3066, 69 L.Ed.2d 431 (1981). "[A]n individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home." Oliver v. United States, ___ U.S. at ___, 104 S.Ct. at 1741, 80 L.Ed.2d at 224 (emphasis added). I think a back and side yard of a home, as here, is an area "immediately surrounding the home" and is entitled to Fourth Amendment protection; plainly, it cannot in any sense be considered part of the "open fields" and therefore beyond Fourth Amendment protection. Compare Oliver v. United States, supra. Moreover, I find nothing in the record that the defendant's home or yard had been "converted into a commercial center to which outsiders [were] invited for the purposes of transacting unlawful business," so as to deprive such premises of Fourth Amendment protection as a home. Lewis v. United States, 385 U.S. 206, 211, 87 S.Ct. 424, 427, 17 L.Ed.2d 312, 316 (1966).
*185 All else follows from the above determination. The police, I think, unconstitutionally invaded the defendant's curtilage around his home when, without a search warrant, they hovered with a helicopter a mere thirty to forty feet above his back and side yard  practically landing on the premises  and observed the subject marijuana growing a mere forty feet from his house. Clearly, this observation from such an unreasonably low altitude over the defendant's protected curtilage was not made from a place where the police had a right to be. People v. Sneed, 32 Cal. App.3d 535, 108 Cal. Rptr. 146 (1973); compare Costello v. State, 442 So.2d 990 (Fla. 1st DCA 1983); Brennan v. State, 417 So.2d 1024 (Fla. 2d DCA 1982); Murphy v. State, 413 So.2d 1268 (Fla. 1st DCA 1982). Armed with this unconstitutionally-obtained helicopter observation, the police then confronted the defendant with their observations and thereafter obtained what was clearly a tainted and involuntary consent from the defendant to conduct the subject search. Taylor v. State, 355 So.2d 180, 183-84 (Fla. 3d DCA), cert. denied, 361 So.2d 835 (Fla. 1978).
The trial court, in my view, erred in denying the defendant's motion to suppress. I would reverse.