461 So.2d 157 (1984)
Robert Steven DIEHL, Appellant,
v.
STATE of Florida, Appellee.
No. AS-86.
District Court of Appeal of Florida, First District.
December 3, 1984.
Rehearing Denied January 9, 1985.
*158 Charles G. Brackins of Meldon & Brackins, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, Florida, for appellee.
BOOTH, Judge.
Appellant was tried by a jury and found guilty of possession of more than 20 grams of cannabis. At trial, motion to suppress was denied, and evidence that 32 pounds of cannabis were seized from appellant's property was admitted.
The facts leading to the seizure follow. The Columbia County Sheriff's office, while conducting an aerial exploratory search, spotted a patch of marijuana on a five-acre tract of property, which comparison of an aerial map and the county tax roll showed belonged to appellant. Investigating officers on the ground were directed to a public road adjacent to appellant's property from where they could also observe the marijuana patch. The officers entered the property and seized the patch of some 50 marijuana plants, 20 of which were over six feet high. Visible from the patch were more marijuana plants along a footpath leading to appellant's mobile home, and approximately 15 potted marijuana plants were seized in that area. From outside the mobile home, the officer saw a refrigerator bin filled with marijuana standing in the open doorway to the mobile home, and this was seized as well.
Appellant contends the marijuana discovered and seized in the (1) open field, (2) along the footpath, and (3) in the home, was the product of an illegal search and seizure, and should be suppressed.
Case law supports the right of a police officer to observe an "open field" by plane from above. This is a lawful vantage point, and such observation does not violate any constitutional right. Costello v. State, 442 So.2d 990 (Fla. 1st DCA 1983), Murphy v. State, 413 So.2d 1268 (Fla. 1st DCA 1982), Brennan v. State, 417 So.2d 1024 (Fla. 2d DCA 1982). The intrusion onto the open field and seizure of the patch was legal since no reasonable expectation of privacy attaches to open fields. Oliver v. United States, ___ U.S. ___, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).
The marijuana plants along the footed path were clearly observable from the "open field," and appellant displayed no reasonable expectation of privacy in his potted marijuana plants along the path.[1]Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978); State v. Rickard, 420 So.2d 303 (Fla. 1982). They were clearly visible to the officers legally on the "open field." The property was not fenced or posted, nor were the potted plants hidden in any way. The plants were subject to observation by police legally on the open field, legitimate visitors, business callers, and casual trespassers. State v. Bell, 417 So.2d 822 (Fla. 4th DCA 1982), State v. Morsman, 394 So.2d 408 (Fla. 1981). In Lightfoot v. State, supra, the court held:

*159 Applying that test to the facts of this case we conclude that a person who keeps marijuana plants in open view in his backyard in plain view of a neighbor has no reasonable expectation of privacy and that seizure of the plants without a warrant by a police officer who has seen the plants from the neighbor's yard, where he has a legal right to be, is not an unreasonable governmental intrusion.
Because appellant manifests no reasonable expectation of privacy, the seizure of the potted plants was legal. In State v. Ashby, 245 So.2d 225 (Fla. 1971), police officers observed a stolen car from the street, entered the premises to seize the stolen car, and arrested defendants. Once they were on the premises, they observed a stolen boat, clearly visible through a cracked door into the garage. In upholding the convictions based on evidence seized in the yard and garage, the Florida Supreme Court held (245 So.2d at 228):
In the case sub judice, the red car and trailer and motor were in plain sight of officers who had only to enter the premises to seize the evidence and to arrest respondents. No trespass or intrusion into any private place was involved. Once legally on the premises to arrest respondents, it was not unreasonable for officers to look, without forcing or intruding, into the garage through an existing portal; no search was required to ascertain the existence of evidence inside the garage. It is not a search for officers to see what is before them to be seen; they are not required by the Constitution to stop up their senses. If officers had found it necessary to open doors or otherwise exert force in searching for evidence, outside the immediate control of defendants on their arrest, then evidence resulting from that search would be proscribed under the ruling of the Chimel[[2]] decision; such, however, is not this case.
In the case sub judice, the officers observed the marijuana patch from a legal vantage point, legally went on the property to seize the patch, and observed the potted plants on the path. Properly seizing the potted plants, the officers came upon yet another legal vantage point from which they clearly observed marijuana in the mobile home. Although such observation was legal, the subsequent entry into the mobile home and seizure of contraband within the mobile home was not. The expectation of privacy in the home is of the highest magnitude. The entry without a warrant or in the absence of an exigent circumstance constituted an unreasonable search, and we must hold the seizure of the marijuana from the home illegal. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The observation by the officers from outside the trailer home was proper; however, as a legally permissive "open view," defined in Ensor v. State, 403 So.2d 349, 352 (Fla. 1981), by the Florida Supreme Court as a "pre-intrusion" observation:
[T]he officer is located outside of a constitutionally protected area and is looking inside that area. If the officer observes contraband in this situation, it only furnishes him probable cause to seize the item. He must either obtain a warrant or have some exception to the warrant requirement before he may enter the protected area and seize the contraband.
Such an observation is not a search. State v. Ashby, supra, Lightfoot v. State, supra, State v. Rickard, supra, Derrickson v. State, 399 So.2d 100 (Fla. 1st DCA 1981). Thus, the observation was permissible, but the entry and seizure were not. It was error to admit this tangible evidence, but the error was harmless. Appellant was convicted of possession of over 20 grams of cannabis, and the evidence showed 32 pounds of marijuana were seized. The majority of this, over 60 plants, 20 of which were over six feet tall, were properly seized in the field and along the path. Only a "refrigerator bin" of marijuana was seized illegally.
*160 Because the observation from outside the trailer home was lawful, testimony pertaining to the observation was also admissible. The invalidity of the subsequent seizure cannot taint what was properly observed from a legal vantage point. State v. Ashby, supra, State v. Rickard, supra, Lightfoot v. State, supra. Even without this testimony, there remains ample evidence in the record to show appellant's knowledge and control of the legally seized marijuana.
Accordingly, the judgment is affirmed.
ERVIN, C.J., and WENTWORTH, J., concur.
NOTES
[1] The case of Kilpatrick v. State, 403 So.2d 1104 (Fla. 1st DCA 1981), is distinguished because the officer entered upon defendant's property and traveled one-half of a mile into such property, passing two dwellings before the marijuana was observed. See State v. Morsman, 394 So.2d 408 (Fla. 1981). By the time the officer observed the marijuana, he was at a place where Kilpatrick had a reasonable expectation of privacy. This was an invalid intrusion. In the instant case, there was no intrusion made before the marijuana was observed. The observation came from a legal vantage point.
[2] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).