PER CURIAM.
Appellant appeals his conviction of destruction of evidence. He contends that the trial court erred when it denied his motion to suppress based on certain inaccuracies in the affidavit for the search war *1389 rant. The affidavit provided that the confidential informant bought cocaine in the house when she really had purchased it at an outside window of the house; the time of the buy was set at 11:30 P.M. rather than the correct time of 8:30 P.M.; the informant had been searched but it was shown later that that did not include a strip search.
The record supports the trial court’s order which provides:
THIS CAUSE coming on to be heard on Defendant’s Motion to Suppress, the Court having heard argument of counsel, reviewed the file and being otherwise advised in the premises, the Court finds that the affidavit did provide probable cause, the defendant claims unreliability of the informant, however, this was a controlled buy of the drugs and, therefore, raised reliability to a high degree. The Court finds that the affidavit of the officer that the informant went into the house was incorrect in that the informant bought drugs from a screened window on the porch, however, this is harmless error, in asmuch as the officers had patted down a female informant, who had tight jeans on without back pockets and reasonably would have felt any objects on the informant to prevent a set up.
THE COURT notes that the affidavit and search warrant are accurate in describing the things to be seized and the place to be searched....
There is nothing in the record to show the misstatements were either intentionally or recklessly made. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Mathes v. State, 375 So.2d 1084 (Fla. 1st DCA 1979). Also, after setting aside the erroneous facts, there remains sufficient facts alleged in uhe affidavit to demonstrate probable cause. Stipp v. State, 355 So.2d 1217 (Fla. 4th DCA 1978).
This matter is affirmed.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.