PER CURIAM.
This is an appeal from two criminal sentences imposed below, totalling ten years imprisonment, which constitute a departure from the sentencing guidelines’ recommended sentence of three years imprisonment. Without dispute, no written statement was ever filed by the trial court articulating the reasons for the seven-year departure from the sentencing guidelines’ recommended sentence. Although the trial judge explained orally in open court his reasons for departing from the sentencing guidelines, which at that time was permissible in this district, Tucker v. State, 464 So.2d 211, 212 (Fla. 3d DCA 1985), the Florida Supreme Court has since held that such oral statements are insufficient and that a written statement by the trial court articulating the reasons for departing from the sentencing guidelines is required under Fla.R.Crim.P. 3.701(b)(6), (d)(ll). State v. Jackson, 478 So.2d 1054, 1055-56 (Fla.1986). We specifically reject the state’s argument that Jackson should not be applied retroactively, reverse the sentences appealed from, and remand the cause to the trial court for resentencing in accord with the views expressed in this opinion. Of course, if the defendant feels aggrieved by the trial court’s written order, when entered upon remand, he may file a new appeal in this cause.
Reversed and remanded.