510 So.2d 363 (1987)
Miguel CHENARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1502.
District Court of Appeal of Florida, Third District.
July 28, 1987.
*364 Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Upon our remand for resentencing in Chenard v. State, 486 So.2d 689 (Fla. 3d DCA 1986), the trial court again departed upward from the guidelines. The defendant again appeals and we again reverse on the ground that none of the reasons assigned is an acceptable basis for deviation.
Chenard was convicted on a guilty plea for a house burglary and grand theft. The trial court based its ten year sentence notwithstanding the three year guideline maximum upon factors which are each insufficient.
1. The "excessive emotional trauma" sustained by the teenage daughter of the burglarized family when she returned to find her room ransacked was precisely "the type of trauma that any victim of a burglary experiences when the sanctity of his or her home is violated and his or her possessions are taken" which was held insufficient to justify departure in State v. Rousseau, 509 So.2d 281, 283 (Fla. 1987).[1]
2. The fact that, within the previous three years, Chenard had been found guilty of two other house burglaries, both of which were included in the guideline computation, is likewise an invalid reason for departure. Rousseau, 509 So.2d. at 283 (three burglaries in three weeks insufficient for departure); Mitchell v. State, 507 So.2d 686 (Fla. 1st DCA 1987). This situation, in which the same or an equivalent offense is repeatedly committed, is seemingly to be distinguished from those in which an "escalating course of criminal conduct"  that is, a pattern of crimes of increasing severity  is involved. See Williams v. State, 504 So.2d 392 (Fla. 1987); Newland v. State, 508 So.2d 486 (Fla. 3d DCA 1987); Smith v. State, 487 So.2d 1088 (Fla. 5th DCA 1985).[2]
3. As the state concedes, the trial judge's finding that the defendant's crime involved an unfactored pattern of "violence" is belied both by the fact that the charge that the defendant was criminally responsible for an assault during the burglary was dropped as a part of the plea agreement, Dallas v. State, 490 So.2d 1362 (Fla. 5th DCA 1986), and because, in fact, a co-defendant and not Chenard was solely responsible for the assault which was the only violence in the case.
4. It is plainly impermissible to depart on the final ground stated by the lower court that "the sentencing guidelines recommendation is manifestly not sufficient to provide appropriate retribution, deterrence or time for rehabilitation of the defendant." See State v. Scott, 508 So.2d 335 (Fla. 1987). However deeply we may agree with the trial judge that three years imprisonment is *365 insufficient for the defendant's third commission of the very serious crime of residential burglary  the purposeful invasion of another's home  that is a decision of those who have formulated and approved the guidelines with which we are powerless to interfere.
Accordingly, the sentence under review is reversed and the cause remanded to resentence the defendant within the guidelines.
Reversed.
FERGUSON, Judge (concurring).
I whole-heartedly concur in all of the Chief Judge's opinion except note 2.
NOTES
[1] Rousseau, which is determinative as to two of the factors assigned below, was decided well after the trial court ruled.
[2] We confess that it is difficult to articulate the reason for the difference in treatment of the two fact patterns. Applying the test of the validity of a reason for departure we set forth in Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985), review denied, 479 So.2d 118 (Fla. 1985) that is, that the reason (a) must not be encompassed within the guidelines and (b) must provide a rational basis for a heavier or more lenient sentence, we note that neither escalating nor repetitive offenses are necessarily built into the guidelines computation itself. As to the other factor, we simply do not understand, although we must follow the cases which so hold, why it is more worthy of punishment if one begins with minor and builds up to more serious crimes than that he both starts and continues in the big time.