PER CURIAM.
Edward Marshall and Thomas Joe Callo-way[1] appeal their convictions of armed burglary of an occupied dwelling, two counts of armed robbery and subsequent sentences of 40 years of incarceration for each count, with the sentences to run consecutively.
During the early morning of January 23, 1986, Shirley and Anthony Belbruno were accosted by two men who forced their way into their hotel room at the Everglades Motel. Immediately after forcing their way into the room the intruders attacked Mr. Belbruno and struck him with an object. The intruders stole several pieces of jewelry, a camera and the keys to the Bel-bruno rental car. Subsequent investigation produced the confession of Thomas Joe Cal-loway who admitted going to the hotel to act as a lookout while the other two went inside to commit the actual burglary, which also led to a confession from Edward Marshall. At Marshall’s trial both the recording of his confession and a transcript of the recording were entered into evidence.
The appellant, Marshall, contends that the trial court erred in submitting to the jury, during its deliberation, an inferior tape player for listening to his recorded confession. This tape player, Marshall contends, was inferior, thus was incapable of reproducing the tape accurately.
Both appellants, Marshall and Calloway contend that the trial court erred in allowing the prosecution to introduce a bat-like object into evidence when this' object had not been identified as the weapon used during the commission of the crimes. Mrs. Belbruno testified that this bat-like object may have been what her husband was struck with. Officer Helman testified that the night before the robbery of Mr. and Mrs. Belbruno he stopped a vehicle in *574 the vicinity of the Everglades motel in which Marshall and Calloway were riding, when apparently they were “casing” the place. He testified he saw the bat-like object within the car. The appellants contend that the trial court erred in failing to declare a mistrial when Mrs. Belbruno testified as to an alleged sexual attack upon her which was neither charged in the information nor relevant to any issue at trial, despite the curative instruction of the judge. Plus they contend the trial court erred in sentencing them to periods of incarceration in excess of the applicable sentencing guideline without articulating the court’s reasons for doing so in writing, and in enhancing their sentence to 40 years because there were no specific findings by the jury that a deadly weapon was used during the commission of the crimes.
We find no error on any point raised by the appellants as to the several errors urged in the conduct of the trials. Grossman v. State, 525 So.2d 833 (Fla.1988); Jones v. State, 332 So.2d 615 (Fla.1976); Clausell v. State, 548 So.2d 889 (Fla. 3d DCA 1989); Pericola v. State, 499 So.2d 864 (Fla. 1st DCA 1987); Austin v. State, 500 So.2d 262 (Fla. 1st DCA 1987); Comer v. State, 318 So.2d 419 (Fla. 3d DCA 1975); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
As to the enhanced sentences, we find error and reverse and remand the cause for sentencing in accordance with the applicable authorities and the sentencing guidelines. Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987).
Affirmed in part, reversed in part and remanded with directions.

. The defendants were jointly charged, but they were accorded separate jury trials in simultaneous proceedings before the same trial judge.