PER CURIAM.
Defendants, Edward Marshall and Thomas Joe Calloway, appeal departure sentences which were imposed after a remand from this court to the trial court for resen-tencing. We reverse.
Marshall and Calloway were involved in an armed burglary. Calloway and a code-fendant entered a hotel room of a vacationing couple, struck the 69-year old husband with a baseball bat, and terrorized the wife. Marshall acted as a lookout outside the hotel room. Marshall and Calloway were convicted for their role in the crime in 1987. They were given departure sentences. The trial judge dictated the reasons for departure into the record, but no written sentencing order was prepared.
*475 On appeal to this court, Marshall and Calloway asserted error with regard to the convictions and sentences. The convictions were affirmed but the case was remanded for resentencing. See Marshall v. State, 554 So.2d 572 (Fla. 3d DCA 1989). Defendants were resentenced and again given departure sentences. They have appealed, asserting that departure sentences should not have been imposed.
Defendants’ initial argument is that the trial court misinterpreted the mandate of the prior appeal. They contend that the mandate only allowed the trial court to correct certain scoring errors and to impose sentence within the guidelines. On this issue, we disagree.
In their prior appeal to this court, defendants argued, “Because of the trial court’s failure to prepare and file a written statement showing the reasons why departure sentences were imposed against Marshall and Calloway, this court must reverse the sentences and remand to the trial court with directions to either impose sentences within the appropriate Sentencing Guidelines range or enter a written order stating the clear and convincing reasons for departure in their cases.” Initial brief of appellants, Marshall and Calloway v. State, No. 87-574, at 47. (citations omitted; emphasis added).[1]
In response to the sentencing point, the State conceded that “[although the trial court orally listed several seemingly powerful grounds for departure as to both defendants, [the court] did not reduce these to writing, and resentencing is thus required, where the court can either depart with written reasons or sentence within the guidelines (as amended as per issue II above).” Brief of appellee, No. 87-574, at 27.[2]
In light of the argument and the State’s concessions, this court’s opinion stated, “As to the enhanced sentences, we find error and reverse and remand the cause for sentencing in accordance with the applicable authorities and the sentencing guidelines. Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987).” Marshall v. State, 554 So.2d at 574.[3]
In light of the foregoing, it is unmistakably clear that this court’s mandate in the prior appeal permitted the imposition of a departure sentence on remand. The mandate issued January 12, 1990, thus establishing the law of the case.[4] See Love v. State, 559 So.2d 198, 200 (Fla.1990); Capers v. State, 479 So.2d 187, 188 (Fla. 3d DCA 1985), review denied, 491 So.2d 280 (Fla.1986). See generally State v. Stanley, 399 So.2d 371, 372 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla.1981).[5] The trial court correctly interpreted the mandate to allow the imposition of a departure sentence at resentencing.
Marshall and Calloway were resentenced on April 5, 1990. The trial court imposed a departure sentence and entered contemporaneous written reasons. These were: “1) defendants treated the victim with particular viciousness, cruelty and callousness, in that the victim offered no resistance and was brutally treated. (Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987)), 2) persistent pattern of serious criminal activity and recent release from custody, as indicated in defendants’ records.”
Defendants argue that their sentences should be reversed because the reasons *476 given by the trial court were invalid. We agree.[6]
The first departure reason was that the defendants “treated the victim with particular viciousness, cruelty and callousness in that the victim offered no resistance and was brutally treated.” The trial court relied on Whitfield v. State, 515 So.2d at 361, which had approved this particular departure reason. This reason was based on the fact that one of the perpetrators struck the victim with a bat.
As applied to Marshall, this departure reason is not valid. The striking of the victim with the bat was the basis of the aggravated battery charge. Marshall was acquitted of that charge. A departure reason may not be upheld where it is based on a charge of which the defendant has been acquitted. Fla.R.Crim.P. 3.701(d)(ll); State v. Jaggers, 526 So.2d 682, 684 (Fla.1988); Chenard v. State, 510 So.2d 363, 364 (Fla. 3d DCA 1987).
The departure reason is also invalid as applied to Calloway. As stated earlier, the trial court relied on Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987). Whitfield’s holding has been limited by the supreme court’s later ruling in State v. McCall, 524 So.2d 663 (Fla.1988). In McCall the supreme court held that while a departure sentence cannot be authorized based on a factor which has already been scored or is inherent in the offense as ordinarily committed, “a trial court may validly depart from the recommended guidelines sentence when the conduct of the defendant is so extraordinary or egregious as to be beyond the ordinary case.” State v. McCall, 524 So.2d at 665.
In the present case the injury was very serious. The victim suffered a skull fracture and blood clot which required emergency surgery and hospitalization. The problem from a departure standpoint is that aggravated battery by definition occurs where the defendant “in committing battery ... [ijntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement....” Section 784.045(l)(a), Fla.Stat. (1985). See also Tanner v. State, 512 So.2d 1158, 1159 (Fla. 2d DCA 1987). The maximum victim injury points were scored on the guidelines scoresheet.
In the present case we need not decide whether the admittedly great bodily harm was “so extraordinary or egregious as to be beyond the ordinary case.” State v. McCall, 524 So.2d at 663. Assuming that the McCall test is satisfied, in this case it was another perpetrator who struck the victim, not these defendants. That being so, the departure sentence was precluded. Chenard v. State, 510 So.2d at 364 (invalidating departure sentence where “a co-defendant and not Chenard was solely responsible for the assault which was the only violence in the case”).
The second departure reason included two distinct propositions: first, that there was a “persistent pattern of serious criminal activity,” and second, that these defendants had recently been released from incarceration.
The Florida Supreme Court has recently said that while the commission of a crime shortly after release from incarceration “may show a disregard for the law and justify a judge’s displeasure and desire for a departure sentence, such a persistent but non-escalating pattern of criminal activity is not a sufficient reason to depart from the guidelines.” Barfield v. State, 594 So.2d 259, 261 (Fla.1992); see also Smith v. State, 579 So.2d 75 (Fla.1991).
As to persistent pattern of serious criminal activity, the Florida Supreme Court has held that this factor stems from subsection 921.001(8), Florida Statutes (1991) (“escalating pattern of criminal conduct”). Barfield v. State, 594 So.2d at 261. Thus:
Departure is permissible when “the defendant has shown a pattern of engaging *477 in increasingly serious criminal activity.” ... Consequently, the “escalating pattern” recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, “increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.
Id. (citation omitted). As the record in the present case does not reveal the requisite escalation, that departure reason is invalid as well. The trial court cannot be faulted, because it did not have the benefit of Bar-field at the time of resentencing, and Bar-field receded from certain prior authority on which the trial court placed reliance. See 594 So.2d at 261.
We vacate the sentences and remand this case to the trial court with instructions to sentence defendants within the guidelines.

. We note that this argument was entirely correct and proper under the sentencing guidelines law as it was then understood in this district. The original sentencing occurred in 1987, long before the Florida Supreme Court's decisions in Pope v. State, 561 So.2d 554 (Fla.1990), and Ree v. State, 565 So.2d 1329 (Fla.1990), modified, State v. Lyles, 576 So.2d 706 (Fla.1991), and Smith v. State, 598 So.2d 1063 (Fla.1992).

. The reference to issue II refers to a scoring error on both defendants' scoresheets, which affected the presumptive guidelines range.

. Lamarca was a case remanded for resentenc-ing, where a departure sentence would be permitted on remand. 515 So.2d at 311.

. Pope was announced April 26, 1990. 561 So.2d at 554.

. The recent decision in Smith v. State, 598 So.2d 1063 (Fla.1992), does not compel a different result. At the time the mandate issued in the prior appeal, the decision on the sentencing point was final within the meaning of Smith. See 598 So.2d at 1064.

. In the first appeal this court did not rule on the validity of the reasons given orally by the trial court. The law of the case doctrine does not preclude defendants’ challenge to the validity of the departure order entered on remand from the first appeal. See State v. Tamer, 475 So.2d 918 (Fla. 3d DCA 1985), review denied, 488 So.2d 69 (Fla.1986).