LAWRENCE, Judge.
Tony L. Barnes (Barnes) directly appeals his conviction and sentence for the manufacture of marijuana found in his backyard after a warrantless search. We affirm.
A police officer seized the marijuana plants in question on May 9, 1995, in Gulf County. Barnes pleaded nolo contendere to manufacturing marijuana, reserving the right to appeal the denial of his motion to suppress.
The Florida Supreme Court, answering the question whether contraband seen in plain view by police in the defendant’s back yard from a point adjacent to the property may be seized without a warrant in the absence of exigent circumstances, tells us:
[PJrivacy should be recognized in areas where a person has exhibited an actual expectation of privacy, if society recognizes that expectation as reasonable.... The defendant in the present case exhibited an actual expectation of privacy by putting the marijuana behind a shed and erecting a plywood partition to obstruct the neighbor’s view.
State v. Rickard, 420 So.2d 303, 306 (Fla.1982) (citation omitted) (emphasis added) (holding that a warrantless seizure of marijuana plants from defendant’s backyard was improper and required suppression of those plants where the defendant had erected a partition so that the plants could not be seen from the adjoining property).
The instant record shows that an investigator, acting on a report that Barnes was growing marijuana, observed the plants without obstruction from property adjacent to the rear of Barnes’s property. It is undisputed that Barnes’s property was only partially fenced. The record moreover contains no evidence of the proximity of the contraband plants to Barnes’s trader, or to the front portion of Barnes’s property — the portion that was partially fenced.
The record consequently fails to show that Barnes had an actual expectation of privacy regarding the area of his property where the seized marijuana plants were observed. Rickard. The trial judge thus properly denied Barnes’s suppression motion. State v. Lewinson, 644 So.2d 137 (Fla. 2d DCA 1994) (holding that, where defendant’s home was not fenced in such a manner as to prevent others from viewing his property, a warrant *1162 was unnecessary to seize his marijuana); Masters v. State, 453 So.2d 183 (Fla. 3d DCA 1984) (holding that the defendant’s marijuana patch, located outside a common fence or enclosure, was not entitled to Fourth Amendment protection).
We accordingly affirm Barnes’s judgment and sentence.
MICKLE, 'J., concurs.
WEBSTER, J., concurs in result only.