713 So.2d 1030 (1998)
Rogena TOWNER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3425.
District Court of Appeal of Florida, Fifth District.
June 5, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant pled nolo contendere to a charge of possession of cocaine, reserving the right to appeal the denial of her motion to suppress evidence. We affirm. After a traffic stop, appellant gave the officer permission to search her vehicle and her person. When *1031 the female officer reached into appellant's shirt pocket, appellant placed her hand over the officer's hand, described by the officer as a light touch, but gave no verbal indication she wanted the search stopped. By this time, however, the officer testified she felt an object in the pocket which she immediately recognized by touch as a form of crack cocaine commonly used in the area, based on her experience in the field and prior arrests she had made.
The trial court denied the motion on the ground the consent had not been withdrawn. The determination of whether the consent to search is voluntary is a question for the trial judge and should not be disturbed on appeal unless the determination is clearly erroneous. Davis v. State, 594 So.2d 264 (Fla.1992). Appellant did not grab the officer's hand. Cf. Jimenez v. State, 643 So.2d 70 (Fla. 2d DCA 1994). Neither did she say she wanted the officer to stop. In any event, the officer testified she felt the object in the pocket before the hand touched hers, and knew it was "crack." She testified as to her experience and expertise in the field, and appellant did not produce any evidence challenging her qualifications. Thus the search could have been found valid under the "plain feel" doctrine. See State v. Burns, 698 So.2d 1282 (Fla. 5th DCA 1997).
AFFIRMED.
COBB and GOSHORN, JJ., concur.