PER CURIAM.
The State appeals an order granting KS.’s motion to suppress a firearm seized during a search of K.S.’s vehicle and K.S.’s statements to law enforcement relating to his ownership or use of the firearm. Because the circumstances surrounding K.S.’s arrest did not justify a search incident to a lawful arrest, we conclude that the search was unreasonable and that the trial court properly granted the motion to suppress based on Arizona v. Gant, — U.S.-, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Accordingly, we affirm.
At the hearing on K.S.’s motion to suppress, an officer of the St. Petersburg Police Department described the events leading to KS.’s arrest for fleeing and eluding on the night of January 13, 2009. The officer testified that at approximately 8:48 p.m., he observed K.S. driving a car without headlights turned on. K.S. pulled up to a red light at an intersection, waited five to ten seconds, and then ran through the red light. The officer followed K.S. down an alley where K.S. pulled into a driveway behind a house. Once K.S. stopped the car, the officer activated his lights and directed his spotlight towards the vehicle. K.S. opened and closed the driver’s side door, reversed the car towards the officer, and then accelerated away from the officer. K.S. drove into a yard at the end of the alley where he stopped the car. The officer pulled up behind the car, directed his spotlight through the car’s back window, and exited his vehicle. He observed K.S. reaching towards the dashboard on the passenger side and ordered K.S. to show his hands and step out of the car. K.S. exited the car, and backup officers arrived. The officer handcuffed K.S., arrested him for fleeing and eluding, and found no weapons on him. The officer then took K.S.’s car keys and used the keys to unlock and open the *987 glove box inside KS.’s car, where he found a semiautomatic firearm. At the suppression hearing, K.S. testified that he did not agree or consent to a search of the car. Relying on Gant, the trial court granted KS.’s motion to suppress. This appeal follows.
This court uses a mixed standard of review in considering a trial court’s ruling on a motion to suppress. The trial court’s “determination of historical facts enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence in the record. However, the circuit court’s determinations on mixed questions of law and fact and its legal conclusions are subject to de novo review.” State v. Clark, 986 So.2d 625, 628 (Fla. 2d DCA 2008) (citation omitted). Warrantless searches are per se unreasonable under the Fourth Amendment, “ 'subject only to a few specifically established and well-delineated exceptions.’ ” Gant, 129 S.Ct. at 1716 (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). “Among the exceptions to the warrant requirement is a search incident to a lawful arrest.” Id. Police may search a vehicle incident to a recent occupant’s arrest “only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search” or “when it is ‘reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.’ ” Id. at 1719 (quoting Thornton v. United States, 541 U.S. 615, 632, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004)). This exception is justified by interests in officer safety and evidence preservation. See Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (describing the justifications for the search-incident-to-arrest principle).
In Gant, the Supreme Court held that the search of Gant’s vehicle was unreasonable where Gant “clearly was not within reaching distance of his car,” because he was handcuffed in a patrol car at the time of the search. 129 S.Ct. at 1719. The Court also found that police could not reasonably have believed they would find evidence relevant to Gant’s crime of driving with a suspended license. Id. Similarly here, despite the State’s argument that KS.’s “furtive movements towards the glove compartment” justified the search based on officer safety concerns, at the time of the search K.S. was separated from his car, placed in handcuffs, and under the supervision of additional backup officers. Further, the officer could not reasonably have believed he would find evidence of KS.’s crime of fleeing and eluding. Under these circumstances, where K.S. was secured by officers and not within reaching distance of his car, we conclude the officer’s search of KS.’s car was unreasonable. Accordingly, we affirm the trial court’s order granting K.S.’s motion to suppress.
Affirmed.
WALLACE, LaROSE, and CRENSHAW, JJ. Concur.