PER CURIAM.
The State of Florida appeals an order granting Appellee, Ronald McIntosh’s, motion to suppress. McIntosh was originally arrested for aggravated assault with a firearm but was ultimately charged with possession of a firearm by a convicted felon and improper exhibition of a firearm. He filed a motion to suppress alleging the officers did not have probable cause to search his vehicle, which officers searched after his arrest and contained a firearm owned by McIntosh.
The case began when McIntosh’s girlfriend placed a call to 9-1-1 stating that her boyfriend threatened her with a firearm relating to a domestic dispute. Officers responded to the girlfriend’s residence and found McIntosh and the girlfriend talking calmly with each other. One officer initially secured McIntosh with handcuffs for officer safety, as there were allegations a firearm was used in the dispute, but did not place him under arrest at that time. In a sworn statement to the officer, the girlfriend stated that McIntosh pulled a firearm from the shelf and made a threatening statement to her that placed her in fear. After receiving the sworn statement, the officer determined he had probable cause to arrest McIntosh for aggravated assault with a firearm. The officer placed McIntosh under arrest and secured him in the police ear.
The girlfriend informed the officer that she saw McIntosh place the firearm in his car, but she was not sure if he had placed it in the back seat or the trunk. Upon receiving that information, the officer obtained McIntosh’s keys and opened the car and the trunk, ultimately finding the firearm and ammunition in the trunk. It was later determined that McIntosh was a convicted felon, which resulted in additional charges against him.
At the suppression hearing, the two officers involved with the arrest and investigation testified. There were no other witnesses. The judge granted the motion to suppress, finding that there was no proba *584 ble cause for McIntosh’s arrest and, therefore, no probable cause to search his car. The court also found that the girlfriend did not see what McIntosh had done with the weapon. We disagree with the trial court’s findings and conclusions. We find that there was probable cause to arrest McIntosh for aggravated assault and, more importantly, probable cause to search his car without a warrant under the “automobile exception.” We, therefore, reverse.
There is no evidence in the record that supports the finding of the trial judge that the girlfriend did not see where McIntosh placed the firearm. The only mention of that fact is the argument made by the defense attorney. See Murphy v. State, 667 So.2d 375 (Fla. 1st DCA 1995) (noting that counsel’s representations not made under oath are not evidence). The girlfriend never stated that she did not see where McIntosh placed the firearm. She stated, on more than one occasion, that she saw McIntosh place the firearm in the car, but she was uncertain if the firearm was in the back seat or the trunk. It was the location within the car that she was uncertain about, not whether the firearm was in the car. Also, the girlfriend’s sworn statement established probable cause to arrest McIntosh for aggravated assault with a firearm because McIntosh displayed the firearm in a threatening manner, threatened his girlfriend, and placed her in imminent fear.
McIntosh cites Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), as a reason to suppress the evidence; however, Gant is not applicable because it concerns a search incident to arrest. After Gant, warrantless searches of automobiles are still reasonable if supported by probable cause when the offense is a crime that might yield physical evidence. See Brown v. State, 24 So.3d 671, 681 (Fla. 5th DCA 2009) (“[W]e hold that when the offense of arrest of an occupant of a vehicle is, by its nature, for a crime that might yield physical evidence, then as an incident to that arrest, police may search the passenger compartment of the vehicle, including containers, to gather evidence, irrespective of whether the arrestee has access to the vehicle at the time of the search.”). Furthermore, the automobile exception to the warrant requirement, irrespective of an arrest, permits a warrant-less search supported by probable cause “based on the inherent mobility of vehicles, as well as the reduced expectation of privacy in a vehicle.” Harris v. State, 71 So.3d 756, 765 (Fla.2011) (citing Pennsylvania v. Labron, 518 U.S. 938, 990, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)), rev’d on other grounds, — U.S. -, 133 S.Ct. 1050, 185 L.Ed.2d 61 (2013).
McIntosh’s case is more akin to United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and Crump v. State, 622 So.2d 963 (Fla.1993), wherein warrantless searches of vehicles are addressed. In Crump, the supreme court held the lower court correctly denied a defendant’s motion to suppress evidence obtained without a warrant from his pickup truck, stating:
Under the vehicle exception to the warrant requirement “[o]nly the prior approval of the magistrate is waived; the search otherwise [must be such] as the magistrate could authorize.”
Carney, 471 U.S. at 394, 105 S.Ct. at 2071 (quoting United States v. Ross, 456 U.S. 798, 823, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982)). In the instant case, the relevant question is whether the police unreasonably seized and searched Crump’s truck. We find that this search was not unreasonable because it was plainly one that a magistrate could authorize. Here, the record shows that the police officers relied on a *585 witness’s description and identification of Crump’s truck as the vehicle that Smith entered on the night of her murder and the unique features of the truck with its amber rotating light which was broken on the passenger side, dark tinted windows, and large tires. The facts establish that probable cause existed to seize Crump’s truck, thus we find that a magistrate could have authorized a warrant. We hold that the trial court correctly denied Crump’s motion to suppress the evidence.
Crump, 622 So.2d at 970.
Here, the search was based on the girlfriend’s statements that she was a victim of aggravated assault and the firearm used in the aggravated assault was placed in the vehicle. The officers had probable cause to search the entire vehicle without a warrant based upon the victim’s statement. See Chaney v. State, 956 So.2d 535, 537-38 (Fla. 4th DCA 2007) (discussing probable cause determination based on totality of circumstances). Although an arrest occurred, the search was conducted pursuant to the girlfriend’s statements, not incident to the arrest. Therefore, we find the officer’s search of McIntosh’s car reasonable because probable cause existed to justify the search.
The trial court’s finding that there was no probable cause for the initial arrest was not argued by either party, and is not supported by the record in this case. The order granting the motion to suppress is reversed and vacated, and the matter is remanded for further proceedings.
REVERSED and REMANDED for further proceedings.
TORPY and EVANDER, JJ„ and JACOBUS, Senior Judge, concur.