LAMBERT, J.
The State of Florida appeals an order granting Appellee’s, Jose Carlos Diaz-Ortiz, motion to suppress evidence. We reverse because we find that law enforcement had sufficient probable cause to seize and thereafter search the vehicle Appellee was operating.
This case began when the victim, Susana Rondon, was attempting to enter the apartment complex where she lived. Ron-don drove up behind a red Jeep Cherokee vehicle that was stopped at the entrance gate. Rondon honked her horn, opened the gate, and thereafter both vehicles entered the apartment complex. Rondon then parked her car and, at this point, Appellee, who was driving the Jeep, blocked Rondoris car, exited the Jeep, and confronted Rondon as she was exiting her car. Appellee then pulled out a handgun, chambered a round, and pointed the gun at Rondon. Rondon immediately got back into her car, and Appellee returned to the Jeep with the gun and left. Rondon observed the direction in which the Jeep traveled, and after attempting to call 911, drove her car in that direction to determine the tag of the Jeep.
Within a matter of minutes, Rondon came upon Orange County Sheriff Lieutenant Jose Campiña, who was working as a courtesy officer for the apartment complex. Rondon advised Campiña what had occurred. Campiña began driving around the apartment complex parking lot to look for the Jeep, and Rondon followed Campi-ña in her car. Within approximately five, but no more than ten, minutes after the incident, Rondon saw the red Jeep Cherokee parked in front of one of the apartment buildings and identified the vehicle to Campiña as the one her assailant was driving. Campiña approached the Jeep, and, through the window of the vehicle, he saw a driver’s license, a cell phone, some money, and a clear plastic bag containing a white substance. Campiña called for backup, and while waiting for assistance, Cam-piña put crime-scene tape on all of the doors and windows of the Jeep. He then had the vehicle towed to the sheriffs department to be processed and held until a search warrant was issued. After obtaining the search warrant, law enforcement searched the Jeep and collected a driver’s license that had been issued to Appellee. Thereafter, using the driver’s license photo, law enforcement prepared a photo lineup, and Rondon positively identified Appel-lee as the person who pointed the gun at her in the apartment complex parking lot. A few days later, Appellee was arrested and charged with aggravated assault with a firearm.
Appellee filed a motion to suppress any and all evidence seized from the Jeep Cherokee. While Appellee asserted in his motion that the evidence was illegally seized without a warrant, he essentially argued at the hearing on his motion that the seizure of the vehicle was without probable cause. After hearing testimony from Rondon and Campiña, the court orally announced that there was insufficient probable cause for the seizure of the Jeep because: (1) there was no evidence as to how many vehicles were in the parking lot; (2) there was no evidence of how recently Rondon had “strolled” the parking lot by *1024 herself or with her family identifying cars; (3) there was no evidence of whether Nicole Dean, the owner of the vehicle, or Appellee lived at the residence or were just visiting; (4) a Jeep Cherokee is a very common car; and (5) Rondon did not recall if the Jeep had a trailer hitch or “appeared to have been in a crash.”[1] The court then concluded that since the search warrant was the product of the illegal seizure, anything that came from the subsequent search warrant, “whose validity is not challenged,” must be suppressed as being the proverbial “fruit of the poisonous tree.” We disagree.
Our review of the trial court’s order on a motion to suppress is a mixed standard of review. State v. K.S., 28 So.3d 985, 987 (Fla. 2d DCA 2010). “The trial court’s ‘determination of historical facts enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence in the record.’ ” See id. (quoting State v. Clark, 986 So.2d 625, 628 (Fla. 2d DCA 2008)). However, “[a] determination of whether certain facts give rise to probable cause is treated as a question of law and reviewed de novo.” State v. Nowak, 1 So.3d 215, 219 (Fla. 5th DCA 2008) (citing Connor v. State, 803 So.2d 598, 606 (Fla.2001)). As this court has previously explained:
Probable cause is a practical, commonsense question. It is the probability of criminal activity, and not a prima facie showing of such activity, which is the standard of probable cause. The determination of probable cause involves factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.
Polk v. Williams, 565 So.2d 1387, 1390 (Fla. 5th DCA 1990) (citations omitted). We find that the following facts established probable cause to seize the jeep, irrespective of the findings by the trial court. In other words, our findings do not conflict with the trial court’s findings ■ of fact or reweigh evidence heard by the trial court.
The seizure of the vehicle was based on Rondon’s statements to law enforcement, made almost immediately after the incident, that she was a victim of an aggravated assault and that the individual who committed the aggravated assault with the firearm returned to the Jfeep with the firearm. When located nearby, the vehicle was in open view in the parking lot, and Appellee had no reasonable expectation of privacy in the area from which it was seized.[2] See Ruiz v. State, 743 So.2d 581, 582 (Fla. 4th DCA 1999). After determining he had probable cause to seize the vehicle, Campiña had the vehicle towed, but law enforcement did not search the vehicle until a search warrant was obtained from a neutral magistrate.
While a warrant is generally required under the Fourth Amendment prior to a search or seizure, in Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the United States Supreme Court carved out an “automobile exception” to *1025 the warrant requirement. State v. Betz, 815 So.2d 627, 631 (Fla.2002). Pursuant to the automobile exception, law enforcement officers may lawfully conduct a warrant-less search of an automobile, provided they believe that the vehicle contains contraband or evidence of a crime. See id. (quoting Carroll, 267 U.S. at 149, 45 S.Ct. 280). This exception permits a warrantless search supported by probable cause because of the mobility of vehicles and the reduced expectation of privacy in a vehicle. Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (citing California v. Carney, 471 U.S. 386, 390-91, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)).
Under the totality of the circumstances, we find Campiña had reason to believe that the vehicle contained contraband or evidence of a crime — specifically, the firearm. Based on the automobile exception, he had probable cause to search the vehicle without a warrant. See id. (“If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.”). Since Campiña had probable cause to search the vehicle, he also had probable cause to seize the vehicle. See Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (“For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.”); State v. McIntosh, 116 So.3d 582, 584-85 (Fla. 5th DCA 2013); see also Ruiz, 743 So.2d at 582 (concluding that police had probable cause to seize a car, which was abutting an alley behind the defendant’s residence, where someone fired a shotgun from the car on the interstate). As a result, it was not a violation of Appellee’s constitutional rights for Cam-piña to seize the Jeep until a search warrant was issued, and the trial court’s conclusion that the search of the vehicle was fruit of the poisonous tree was erroneous.
Accordingly, we reverse the order granting the motion to suppress and remand this case for further proceedings.
REVERSED and REMANDED for further proceedings.
LAWSON, C.J., and SAWAYA, JJ., concur.

. Even though the court used this as support for the lack of probable cause, it further acknowledged that Rondon had no need to have paid attention to whether there was a trailer hitch- or damage to the vehicle while she was at the entrance gate.

. Because Appellee was not the owner of the Jeep Cherokee, the State had also challenged his standing to hie the motion to suppress. At the hearing, Nicole Dean, the owner of the vehicle, testified that: (1) Appellee was her fiancé; (2) they lived together; (3) Appellee had permission to use the vehicle as he deemed necessary; and (4) Appellee's belongings would occasionally be inside the vehicle. The trial court found that Appellee had standing, and the State has not challenged that finding on appeal.