IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

March 30, 2016

JOEY VILLANUEVA,                        )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D15-1422
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____)


BY ORDER OF THE COURT:

          The Attorney General's motion for clarification is granted.  The opinion

dated February 10, 2016, is hereby withdrawn and the attached opinion is substituted

therefor.  No further motions for clarification will be entertained.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL
CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOEY VILLANUEVA,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )     Case No. 2D15-1422
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____)

Opinion filed March 30, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Joey Villanueva appeals his judgments and sentences for possession of

methamphetamine and possession of paraphernalia.  Villanueva entered a plea to the

charges, but reserved the right to appeal the denial of his dispositive motion to

suppress.  We reverse the denial of the motion to suppress.

The underlying facts are not in dispute as only the arresting officer testified at the hearing on the motion to suppress. Officer Bradley Dollison testified that he observed a vehicle operated by Villanueva fail to come to a complete stop at a stop sign. He pulled Villanueva over and approached the driver's window. He asked for Villanueva's license and registration. Officer Dollison went back to his patrol vehicle with the license and registration and ran Villanueva's license number to check for any outstanding warrants. The license check did not yield any outstanding warrants but informed Officer Dollison that Villanueva was on probation. Officer Dollison testified that the only thing left for him to do after running the check was to issue the citation. Instead of writing the ticket, Officer Dollison returned to the van and asked Villanueva why he was on probation. After Villanueva told Officer Dollison he was on probation for a trafficking offense, Officer Dollison asked if Villanueva had any guns, knives, drugs, or anything illegal in the vehicle. Villanueva responded that he did not. Officer Dollison asked him to step out of the van and then asked for consent to search his person and the vehicle for anything illegal. When he asked for consent to search, Officer Dollison had not yet issued the citation and could not recall whether he had returned Villanueva's license. However, at the time of the stop, it was Officer Dollison's standard practice to return a driver's license only after he had asked for consent to search.[1] In response to Officer Dollison's request, Villanueva said: "Go ahead. I have no choice because I'm on probation." Officer Dollison did not correct Villanueva's misunderstanding. The officer then conducted the search and found a small baggy containing a crystal-like substance in Villanueva's front right key pocket. The entire exchange lasted about eleven minutes.

---

[1]Officer Dollison also testified that this is no longer his standard practice.

Another law enforcement officer was present at the time of the search request, but did not testify.

Notably, the State did not argue that Villanueva lacked the right to refuse consent to the search or that the probation exception to the warrant requirement justified the search. See Grubbs v. State, 373 So. 2d 905, 907 (Fla. 1979) ("We recognize that an individual does not absolutely forfeit the protection of the fourth amendment prohibition of unreasonable searches and seizures merely by assuming the status of a probationer[.]").

Villanueva filed a motion to suppress arguing that he was detained in excess of the legal duration of the search and that his consent was involuntary. In reviewing such a motion,

> The trial court's "determination of historical facts enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence in the record. However, the circuit court's determinations on mixed questions of law and fact and its legal conclusions are subject to de novo review."

State v. K.S., 28 So. 3d 985, 987 (Fla. 2d DCA 2010) (quoting State v. Clark, 986 So. 2d 625, 628 (Fla. 2d DCA 2008)). "[A] traffic stop must last no longer than the time it takes to write the traffic citation." State v. Kindle, 782 So. 2d 971, 974 (Fla. 5th DCA 2001). However, the detention may continue for a longer period of time "if the driver has freely and voluntarily given consent to a search of himself or the vehicle." Id.

> When the validity of a search depends on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given. "The determination of whether the consent to search is voluntary is a question for the trial judge and should not be disturbed on appeal unless the determination is clearly erroneous."

- 3 -

Id. (citation omitted) (quoting Towner v. State, 713 So. 2d 1030, 1031 (Fla. 5th DCA 1998)).  If a person has been illegally seized by police and subsequently consents to a search, "the State bears the burden of showing by clear and convincing proof that there was an unequivocal break in the chain of illegality sufficient to dissipate the taint of the law enforcement's prior illegal activity."  Kutzorik v. State, 891 So. 2d 645, 648-49 (Fla. 2d DCA 2005).  Whether or not someone has been seized is evaluated by the totality of the circumstances.  Golphin v. State, 945 So. 2d 1174, 1181 (Fla. 2006).  However, the retention of a defendant's driver's license when the officer asks for consent to search should be heavily factored when determining the nature of the encounter.  Horne v. State, 113 So. 3d 158, 161 (Fla. 2d DCA 2013).  Another factor that should be strongly considered is whether the defendant was informed he or she was free to leave.  Id. at 161 n.2.  Additionally, law enforcement officers are not required to advise citizens of the right to refuse consent.  See Stubbs v. State, 661 So. 2d 1268, 1270 (Fla. 5th DCA 1995).  But a defendant's awareness of his right to refuse is a factor to be considered in determining whether consent was voluntary.  See Luna-Martinez v. State, 984 So. 2d 592, 598 (Fla. 2d DCA 2008); I.R.C. v. State, 968 So. 2d 583, 587 (Fla. 2d DCA 2007).

The trial court erred in denying the motion to suppress.  As the facts are undisputed, we review the court's application of law de novo.  See K.S., 28 So. 3d at 987.  The trial court denied the motion reasoning that the stop only lasted eleven minutes and that the delays were attributable to the officer's warrant checks and search.  It further reasoned that Villanueva's consent was not the result of any show of authority.  However, the trial court's order fails to address the officer's retention of the license, Villanueva's lack of awareness that he could refuse consent, and whether Villanueva

- 4 -

was informed he was free to leave. Although the stop only lasted for eleven minutes, at the time of the request for consent to search, per the officer's uncontroverted testimony, the only thing Officer Dollison had left to do was issue the citation. Yet the citation was not written up until after Villanueva was taken into custody, after legal duration of the stop was exceeded. Considering the totality of the circumstances in this case, we find that Villanueva's consent was involuntary.

The State argues that the evidence is unclear as to whether the officer retained Villanueva's license at the time he sought consent to search. However, there is no evidence to support the conclusion that the officer gave Villanueva his license back. The officer testified that he did not remember if he returned the license, but that it was his standard practice at the time to hold on to the license when he asked for consent. There is no indication in the record that the officer did not follow his standard practice at the time.

Accordingly, we reverse Villanueva's convictions and sentences and remand with directions to discharge him.

Reversed and remanded with directions.


KELLY and CRENSHAW, JJ., Concur.

- 5 -