ON MOTON FOR WRITTEN OPINION

BILBREY, ,J.
Following our per curiam affirmance of Appellant’s convictions and sentences for first-degree murder and robbery while armed with a firearm, Appellant,.Kenneth Arthur Wilson, filed a, motion pursuant to rule 9.330(a), Florida Rules of Appellant Procedure, requesting a written opinion. We grant the motion, withdraw our previous per curiam affirmance, and substitute the following opinion which also affirms.
 Appellant raised two issues' in his appeal. Iri his motion for written opinion he raises only the issue that our affir-mance conflicts with Villanueva v. State, 189 So.3d 982 (Fla. 2d DCA 2016), which found that a probationer’s consent to a warrantless search following a traffic stop was not voluntarily given. However, we find Villanueva distinguishable.
In Villanueva the facts were undisputed. Id: at 984. There, the officer testified that Villanueva consented to search because he believed he had no choice since he was on probation, and that'misunderstanding by Villanueva was not corrected by the officer. Id. In contrast, here the trial judge had conflicting evidence as to whether the Appellant, who was on probation for another offense, was told he had to accompany law enforcement officers to the Sheriffs office for questioning regarding a murder. The trial judge weighed the evidence and found based on their “demeanor and experience” that “the testimony given by these officers at the .suppression hearing [was] more credible than that of the Defendant and his mother.”
It is well-established “[w]hen ruling on a motion to suppress, it is the responsibility of the trial judge, not the jury, to resolve issues of fact.”. Jerido v. State, 15 So.3d 851, 851 (Fla. 1st DCA 2009). As the Florida Supreme Court has stated:
We recognize and- honor the trial court’s superior vantage point in assessing the credibility of witnesses and in making ‘ findings of fact. Thé deference that appellate courts afford findings of fact based - on competent, substantial evidence is an important principle of appellate review. In many instances, the trial court is in a superior position “to evaluate and'weigh the- testimony and evidence based upon its observation of the ^bearing, demeanor, and credibility of the witnesses.” Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976). When sitting as the trier of fact, the trial judge has the “superior vantage point to see and hear the witnesses and judge their credibility.” Guzman v. State, 721 So.2d 1155, 1159 (Fla.1998), cert. denied, 526 U.S. *539 1102, 119 S.Ct. 1583, 143 L.Ed.2d 677 (1999). Appellate courts do not have this same opportunity,
Stephens v. State, 748 So.2d 1028, 1034 (Fla.1999).
The trial judge resolved the factual dispute in finding that the Appellant voluntarily accompanied the officers. The trial judge considered the voluntariness of the confession.[1] The trial judge then found that the State met its burden and that the totality of the circumstances surrounding the Appellant’s confession showed that it was freely and voluntarily given.' See Martin v. State, 107 So.3d 281, 298 (Fla.2012); State v. Mallory, 670 So.2d 103 (Fla. 1st DCA 1996).
AFFIRMED.
WETHERELL and RAY, JJ., concur.

. Appellant did -not argüe that his confession was invalid for any reason other than his claim that he was required to accompany the officers to the Sheriff’s-office. . Furthermore, it is undisputed, as the trial judge found, that once at the Sheriff's office the Appellant was read "his Constitutional rights line by line and that [Appellant] acknowledged that he understood his rights before making his confession.” ...