WALLACE, Judge.
Frank Moore, Jr., appeals his judgment and sentences for possession of cocaine and possession of paraphernalia that were entered following his no contest plea in which he reserved the right to appeal the trial court’s dispositive ruling denying his motion to suppress. Because the seizure of the contraband and related inculpatory statements sought to be suppressed occurred during the unauthorized detention of Mr. Moore for the issuance of a trespass warning, we reverse.
I. THE FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Deputy Nicholas Hammack of the Pinel-las County Sheriffs Department encountered Mr. Moore at a coin laundry and convenience store in Safety Harbor on October 31, 2014. Deputy Hammack spoke with Mr. Moore. During this initial encounter, the store owner approached Deputy Hammack and asked him to issue a trespass warning to Mr. Moore because Mr. Moore had been loitering on the store premises for some time that day. Deputy Hammack asked Mr. Moore to step to the front of the deputy’s patrol car so that he could issue the written trespass warning. Deputy Hammack informed Mr. Moore that he would be “issued a trespass and that he needed to walk to the front of [the deputy’s] vehicle.” Mr. Moore hesitated and asked Deputy Hammack why the trespass warning was going to be issued. Deputy Hammack responded “that it was the property owner’s right to trespass him from his property and that he didn’t have a choice in the matter, and that this was something that we needed to complete so that he could be on his way,”
After Deputy Hammack began the process of issuing a written trespass warning to Mr. Moore, he developed probable cause to believe that Mr. Moore was in possession of cocaine. Upon searching Mr. Moore, Deputy Hammack discovered a glass pipe containing a significant amount of cocaine residue and two razor blades with cocaine residue. Mr. Moore’s arrest for possession of cocaine and paraphernalia followed.
After he was formally charged, Mr. Moore filed .a motion to suppress the tangible evidence found on his person and the inculpatory statements that he had made to Deputy Hammack. Mr. Moore argued that the contraband and his statements .should be suppressed because the contraband was discovered and his statements were made after Deputy Hammack had illegally detained him to issue the written trespass warning.
The trial court conducted an evidentiary hearing on the motion. Notably, when defense counsel asked Deputy Hammack if he had detained Mr. Moore for the purpose of issuing the written trespass warning, the deputy responded that he had. Nevertheless, at the conclusion of the hearing, the trial court ruled that Deputy Hammack’s encounter with Mr. Moore was consensual until the point at which the deputy had developed probable cause for a search. Accordingly, the trial court denied the motion to suppress. Mr. Moore subsequently entered .a no contest plea to possession of cocaine and possession of paraphernalia while reserving his right to seek appellate review of the trial.court’s denial of his dispositive motion to suppress. This appeal followed.
II. THE APPLICABLE LAW
On review of the denial of a motion to suppress, we defer to the trial court’s factual findings that are supported *1292 by competent, substantial evidence and we review the trial court’s application of the law to the facts de novo. Villanueva v. State, 189 So.3d 982, 984-85 (Fla. 2d DCA 2016). Section 810.09(l)(a), Florida Statutes (2014), provides in pertinent part that “[a] person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance ... [a]s to which notice against entering or remaining is given ... commits the offense of trespass on property other than a structure or conveyance.” Thus section 810.09(l)(a) “requires that notice be given before a person can be guilty of trespassing on property other than a structure or conveyance.” S.N.J. v. State, 17 So.3d 1258, 1259 (Fla. 2d DCA 2009). Moreover, “a police officer — under the trespass statute-may issue a trespass warning for unauthorized entrance into a structure, but does not have the legal authority to conduct an investigatory stop or arrest for trespass unless the owner or his agent first warned the potential trespasser.” Gestewitz v. State, 34 So.3d 832, 834 (Fla. 4th DCA 2010). Although a stop for the purpose of issuing an individual a trespass warning is considered to be a consensual encounter, Rodriguez v. State, 29 So.3d 310, 311 (Fla. 2d DCA 2009), an officer may not detain an individual for the purposes of issuing a written trespass warning absent a reasonable suspicion that the individual has committed or is about to commit a crime, Gestewitz, 34 So.3d at 834-35. Instead, the officer may issue a verbal warning, or he may issue a written warning if the individual voluntarily decides to remain in order to receive a written warning. Id. at 835.
III. DISCUSSION
In this case, the trial court correctly observed that its ruling hinged upon whether Deputy Hammack had detained Mr. Moore to give him the written trespass warning or whether the encounter was consensual. However, we disagree with the trial court’s conclusion that the encounter remained consensual after the deputy ordered Mr. Moore to the front of his vehicle for the purpose of issuing a written trespass warning and telling him that he had no choice in the matter. See id. (observing that officers illegally detained a defendant when they told him that he was not free to leave until they processed his trespass warning); see also Rios v. State, 975 So.2d 488, 490 (Fla. 2d DCA 2007) (“[A] ‘citizen encounter becomes an investigatory ... stop[ ] once an officer shows authority in a manner that restrains the defendant’s freedom of movement such that a reasonable person would feel compelled to comply.’ ” (all alterations except first in original) (quoting Parsons v. State, 825 So.2d 406, 408 (Fla. 2d DCA 2002))). Deputy Hammack made statements constituting a show of authority that — considered in combination — would have caused a reasonable person to feel compelled to comply. First, Deputy Ham-mack directed Mr. Moore to go to the front of the patrol car while the deputy issued the written trespass warning. Second, Deputy Hammack told Mr. Moore that he had no choice in the matter. Third, Deputy Hammack effectively advised Mr. Moore that he could not “be on his way” until the trespass warning was issued. It follows that Deputy Hammack detained Mr. Moore and that detention was illegal. Therefore, the trial court should have suppressed the tangible evidence discovered and the inculpatory statements made by Mr. Moore after his illegal detention.
IV. CONCLUSION
For the foregoing reasons, we reverse the judgment and sentences imposed on Mr. Moore and remand with instructions that he be discharged.
Reversed and remanded for discharge.
*1293 BLACK, J., Concurs.
VILLANTI, C.J., Dissents with opinion.