STEVENSON, J.
A.L. pled no contest to carrying a concealed firearm, reserving his right to appeal the denial of his earlier-filed motion to suppress. In his motion to suppress, the defendant argued that the gun and any incriminating statements were the product of a stop, not a consensual encounter, and that the stop was not supported by the requisite reasonable suspicion. We agree and reverse.
Evidence at the suppression hearing established that, on June 26, 2012, a gun fell from AL.’s pants during an encounter with a City of Miramar police officer. At around 9:00-9:30 a.m., the officer was patrolling an area where a burglary had been reported several days earlier. The officer spotted the defendant riding his bicycle. She stopped her patrol car and approached. She inquired why the defendant was in the area. The defendant stated he was visiting a friend, but was unable to tell the officer where the friend lived. The officer told the defendant there had been burglaries in the area and he should stay out of the area if he had no legitimate reason to be there. The defendant said he would and rode away.
Fifteen to twenty minutes later, in the same area, the officer again saw the defendant riding his bike. The officer pulled her car over and the defendant stopped his bike. The officer approached and asked the defendant what he was doing in the area. The defendant told the officer he had gone to his friend’s home to retrieve his wallet. The officer instructed the defendant to get off his bike and to sit on the curb. After the defendant reiterated that he had gone to get his wallet, the officer asked the defendant for identification. The officer assisted the defendant to a standing position and, as the defendant was adjusting his pants, a gun fell. The defendant indicated the gun was his and was arrested.
The trial court found that the police did not have the reasonable suspicion of criminal activity necessary to justify a *1241 stop, but nonetheless denied the motion to suppress, finding the contact between the defendant and the officer was a consensual encounter. Like the trial court, we find the police lacked a reasonable suspicion of criminal activity. We conclude, however, that this was a stop, not a consensual encounter. See Delhall v. State, 95 So.3d 134, 150 (Fla.2012) (recognizing mixed standard of review applies to ruling on motion to suppress and, while deference is afforded findings of fact supported by competent substantial evidence, trial court’s application of the law to those facts is reviewed de novo).
“During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them” and, since the citizen is free to leave during a consensual encounter, no reasonable suspicion is required. Popple v. State, 626 So.2d 185, 186 (Fla.1993). There is no bright-line test for distinguishing a consensual encounter from a stop; whether an encounter is consensual requires consideration of the totality of the circumstances. See, e.g., Garcia v. State, 88 So.3d 394, 401 (Fla. 4th DCA 2012). “A consensual encounter becomes a Terry stop ‘when an officer makes an official show of authority from which a reasonable person would conclude that he or she is not free to end the encounter and depart.’ ” Smith v. State, 95 So.3d 966, 968 (Fla. 1st DCA 2012) (quoting Majors v. State, 70 So.3d 655, 659 (Fla. 1st DCA 2011)).
An officer may approach a defendant on a public street and ask questions of the defendant and such contact is nothing more than a consensual encounter. See, e.g., D.T. v. State, 87 So.3d 1235, 1238 (Fla. 4th DCA 2012). This is true even where the defendant is on a bike and stops to speak with the officer. See State v. Davis, 543 So.2d 375, 376 (Fla. 3d DCA 1989). But, where an officer makes a show of authority, such as a request for the defendant to remove his hands from his pockets, such show of authority may convert the consensual encounter into a stop. See, e.g., Gentles v. State, 50 So.3d 1192, 1197 (Fla. 4th DCA 2011) (holding consensual encounter became a stop when the officer directed the defendant to shut off car’s engine as this “constituted a show of authority which restrained the defendant’s freedom of movement”); Williams v. State, 694 So.2d 878, 880 (Fla. 2d DCA 1997) (finding officer’s instructing defendant to pull waistband of his pants forward converted consensual encounter into a stop).
Here, during the defendant’s first encounter with the officer, she instructed the defendant to leave the area. During the second encounter, only fifteen to twenty minutes later, the officer ordered the defendant to get off his bike and to sit on the curb. Under these circumstances, a reasonable person would not have felt free to end the encounter and walk away and the officer’s orders thus converted the consensual encounter into a stop. Since the stop was not supported by reasonable suspicion, the incriminating evidence was subject to suppression. See, e.g., Harrison v. State, 627 So.2d 583, 584-85 (Fla. 5th DCA 1993) (holding officer’s request that defendant remove hands from pockets converted consensual encounter into a stop; stop not supported by reasonable suspicion; and cocaine that fell from the pocket should be suppressed as seizure occurred before cocaine dropped).

Reversed.

CIKLIN and KLINGENSMITH, JJ., concur.