NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FRANK MOORE, JR.,                           )
                                            )
            Appellant,                      )
                                            )
v.                                          )     Case No. 2D15-3084
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
_____)

Opinion filed October 5, 2016.

Appeal from the Circuit Court for Pinellas
County; Cynthia J. Newton, Judge.

Howard L. Dimmig, II, Public Defender, and
Amanda V. Isaacs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Appellee.


WALLACE, Judge.

            Frank Moore, Jr., appeals his judgment and sentences for possession of

cocaine and possession of paraphernalia that were entered following his no contest

plea in which he reserved the right to appeal the trial court's dispositive ruling denying

his motion to suppress. Because the seizure of the contraband and related inculpatory

statements sought to be suppressed occurred during the unauthorized detention of Mr. Moore for the issuance of a trespass warning, we reverse.

## I. THE FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Deputy Nicholas Hammack of the Pinellas County Sheriff's Department encountered Mr. Moore at a coin laundry and convenience store in Safety Harbor on October 31, 2014. Deputy Hammack spoke with Mr. Moore. During this initial encounter, the store owner approached Deputy Hammack and asked him to issue a trespass warning to Mr. Moore because Mr. Moore had been loitering on the store premises for some time that day. Deputy Hammack asked Mr. Moore to step to the front of the deputy's patrol car so that he could issue the written trespass warning. Deputy Hammack informed Mr. Moore that he would be "issued a trespass and that he needed to walk to the front of [the deputy's] vehicle." Mr. Moore hesitated and asked Deputy Hammack why the trespass warning was going to be issued. Deputy Hammack responded "that it was the property owner's right to trespass him from his property and that he didn't have a choice in the matter, and that this was something that we needed to complete so that he could be on his way."

After Deputy Hammack began the process of issuing a written trespass warning to Mr. Moore, he developed probable cause to believe that Mr. Moore was in possession of cocaine. Upon searching Mr. Moore, Deputy Hammack discovered a glass pipe containing a significant amount of cocaine residue and two razor blades with cocaine residue. Mr. Moore's arrest for possession of cocaine and paraphernalia followed.

After he was formally charged, Mr. Moore filed a motion to suppress the tangible evidence found on his person and the inculpatory statements that he had made to Deputy Hammack. Mr. Moore argued that the contraband and his statements should be suppressed because the contraband was discovered and his statements were made after Deputy Hammack had illegally detained him to issue the written trespass warning.

The trial court conducted an evidentiary hearing on the motion. Notably, when defense counsel asked Deputy Hammack if he had detained Mr. Moore for the purpose of issuing the written trespass warning, the deputy responded that he had. Nevertheless, at the conclusion of the hearing, the trial court ruled that Deputy Hammack's encounter with Mr. Moore was consensual until the point at which the deputy had developed probable cause for a search. Accordingly, the trial court denied the motion to suppress. Mr. Moore subsequently entered a no contest plea to possession of cocaine and possession of paraphernalia while reserving his right to seek appellate review of the trial court's denial of his dispositive motion to suppress. This appeal followed.

## II. THE APPLICABLE LAW

On review of the denial of a motion to suppress, we defer to the trial court's factual findings that are supported by competent, substantial evidence and we review the trial court's application of the law to the facts de novo. Villanueva v. State, 189 So. 3d 982, 984-85 (Fla. 2d DCA 2016). Section 810.09(1)(a), Florida Statutes (2014), provides in pertinent part that "[a] person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance . . . [a]s to which notice against entering or remaining is given .

- 3 -

. . commits the offense of trespass on property other than a structure or conveyance." Thus section 810.09(1)(a) "requires that notice be given before a person can be guilty of trespassing on property other than a structure or conveyance." S.N.J. v. State, 17 So. 3d 1258, 1259 (Fla. 2d DCA 2009). Moreover, "a police officer—under the trespass statute—may issue a trespass warning for unauthorized entrance into a structure, but does not have the legal authority to conduct an investigatory stop or arrest for trespass unless the owner or his agent first warned the potential trespasser." Gestewitz v. State, 34 So. 3d 832, 834 (Fla. 4th DCA 2010). Although a stop for the purpose of issuing an individual a trespass warning is considered to be a consensual encounter, Rodriguez v. State, 29 So. 3d 310, 311 (Fla. 2d DCA 2009), an officer may not detain an individual for the purposes of issuing a written trespass warning absent a reasonable suspicion that the individual has committed or is about to commit a crime, Gestewitz, 34 So. 3d at 834-35. Instead, the officer may issue a verbal warning, or he may issue a written warning if the individual voluntarily decides to remain in order to receive a written warning. Id. at 835.

### III. DISCUSSION

In this case, the trial court correctly observed that its ruling hinged upon whether Deputy Hammack had detained Mr. Moore to give him the written trespass warning or whether the encounter was consensual. However, we disagree with the trial court's conclusion that the encounter remained consensual after the deputy ordered Mr. Moore to the front of his vehicle for the purpose of issuing a written trespass warning and telling him that he had no choice in the matter. See id. (observing that officers illegally detained a defendant when they told him that he was not free to leave until they

processed his trespass warning); see also Rios v. State, 975 So. 2d 488, 490 (Fla. 2d DCA 2007) ("[A] 'citizen encounter becomes an investigatory . . . stop[ ] once an officer shows authority in a manner that restrains the defendant's freedom of movement such that a reasonable person would feel compelled to comply.' " (all alterations except first in original) (quoting Parsons v. State, 825 So. 2d 406, 408 (Fla. 2d DCA 2002))). Deputy Hammack made statements constituting a show of authority that—considered in combination—would have caused a reasonable person to feel compelled to comply. First, Deputy Hammack directed Mr. Moore to go to the front of the patrol car while the deputy issued the written trespass warning. Second, Deputy Hammack told Mr. Moore that he had no choice in the matter. Third, Deputy Hammack effectively advised Mr. Moore that he could not "be on his way" until the trespass warning was issued. It follows that Deputy Hammack detained Mr. Moore and that detention was illegal. Therefore, the trial court should have suppressed the tangible evidence discovered and the inculpatory statements made by Mr. Moore after his illegal detention.

## IV. CONCLUSION

For the foregoing reasons, we reverse the judgment and sentences imposed on Mr. Moore and remand with instructions that he be discharged.

Reversed and remanded for discharge.


BLACK, J., Concurs.
VILLANTI, C.J., Dissents with opinion.

- 5 -

VILLANTI, Chief Judge, Dissenting.

Because my reading of the record and applicable case law leads to a conclusion that the officer's actions were proper, I respectfully dissent.

To my reading of the testimony at the hearing, which comports with the trial court's factual findings, Officer Hammack approached Moore and his female companion while they were standing outside a laundromat. Hammack recognized the female as someone known to him to be on felony probation, so he decided to run a wants and warrants check on her. While he was doing so, the owner of the laundromat approached Hammack and advised that while the female had a reason to be there, Moore did not and that he wanted Moore trespassed. After Hammack finished with the female, he turned to Moore, told him that the owner of the laundromat wanted him trespassed, and asked him to step to the front of Hammack's car so the written trespass notice could be completed and provided. Moore questioned why the trespass notice was going to be given, and Hammack advised him "that it was the property owner's right to trespass him from his property and that he didn't have a choice in the matter." Hammack then began to complete the trespass notice. While doing so, he asked if Moore had any weapons or drugs on him, and Moore responded by starting to reach into his pocket. At that point, Hammack grabbed Moore's hand, concerned for his own safety. Moore then admitted that he had cocaine in his pocket.

The majority concludes that Hammack "detained" Moore when he asked him to step to the front of the patrol car so that Hammack could complete the trespass notice. I disagree. At that point, Hammack and Moore were engaged in a consensual encounter—not a detention. Admittedly, when a property owner asks an officer to issue

a trespass warning to an individual, the officer cannot complete this task without "stopping" the individual sought to be trespassed and requesting that that individual stay to receive the trespass warning. However, that stop is a consensual encounter, Rodriguez v. State, 29 So. 3d 310, 311 (Fla. 2d DCA 2009), that does not become an unauthorized detention under the Fourth Amendment unless the officer "hinder[s] or restrict[s] the person's freedom to leave or freedom to refuse to answer inquiries," Popple v. State, 626 So. 2d 185, 187 (Fla. 1993); see also A.L. v. State, 133 So. 3d 1239, 1241 (Fla. 4th DCA 2014) ("A consensual encounter becomes a Terry stop 'when an officer makes an official show of authority from which a reasonable person would conclude that he or she is not free to end the encounter and depart.' " (quoting Smith v. State, 95 So. 3d 966, 968 (Fla. 1st DCA 2012))). As with any consensual encounter, the officer is not obligated to inform the person that he or she is free to leave. The officer is free to go about his or her business of writing the notice but may not detain the individual if he or she likewise wants to go about his or her business.

Here, Hammack took no steps to hinder or restrict Moore's freedom to leave, nor did Hammack order Moore to answer inquiries. Hammack did not refuse a request from Moore to leave, nor did he block Moore's path or otherwise take any action that would convert this consensual encounter into an unauthorized detention. In light of this, I cannot agree with the majority's broad assertion that an officer may not stop an individual to issue a written trespass warning unless "the individual has committed or is about to commit a crime." In my view, the officer may "stop" the individual. What he may not do is "detain" the individual.

As support for its position, the majority cites to the case of Gestewitz. But the detention in Gestewitz was unauthorized because Gestewitz attempted to end the consensual encounter with the officers, at which point they specifically told him that he was not free to leave until after the written warning was issued—thus converting the consensual encounter into a detention. 32 So. 3d at 834-35. Here, Moore made no such attempt to depart and so there was no effort to end a consensual encounter that was thwarted by the officer.

Furthermore, the trial court made no findings to support the majority's statement that "a show of authority" took place, and I do not agree with the majority's interpretation of the record to mean that Hammack told Moore that he had no choice about whether to stay and wait for the written trespass notice to be written. In context, I believe—as the trial court apparently did—that Hammack's "no choice" statement referred to Moore having no choice about whether the owner could have the trespass notice issued. I would defer—as we are bound to do—to the trial court's findings of fact concerning the meaning of Hammack's statement given that the trial court was present for the testimony and had the opportunity to hear the statement in its full context.

Moreover, even though Hammack testified he "detained" Moore, this was simply his honest opinion that a lawful detention in the performance of his duties occurred, not that an unauthorized detention occurred. And Hammack's opinion about whether or not Moore was detained—when that opinion was never tested by any action by Moore—is not dispositive of the issue. Cf. Whren v. United States, 517 U.S. 806, 813 (1996) (holding that the police officer's "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). However, once Moore

attempted to reach in his pocket after Hammack asked whether he had drugs or weapons on his person, concerns for officer safety independently authorized a further detention.

Thus, because Moore made no attempt whatsoever to leave and because there was no argument below that his free will was not available for him to do so, I would affirm the trial court's denial of his motion to suppress.