VILLANTI, Chief Judge,
Dissenting.
Because my reading of the record and applicable case law leads to a conclusion that the officer’s actions were proper, I respectfully dissent.
To my reading of the testimony at the hearing, which comports with the trial court’s factual findings, Officer Hammack approached Moore and his female companion while they were standing outside a laundromat. Hammack recognized the female as someone known to him to be on felony probation, so he decided to run a wants and warrants check on her. While he was doing so, the owner of the laundromat approached Hammack and advised that while the female had a reason to be there, Moore did not and that he wanted Moore trespassed. After Hammack finished with the female, he turned to Moore, told him that the owner of the laundromat wanted him trespassed, and asked him to step to the front of Hammack’s car so the written trespass notice could be completed and provided. Moore questioned why the trespass notice was going to be given, and Hammack advised him “that it was the property owner’s right to trespass him from his property and that he didn’t have a choice in the matter.” Hammack then began to complete the trespass notice. While doing so, he asked if Moore had any weapons or drugs on him, and Moore responded by starting to reach into his pocket. At that point, Hammack grabbed Moore’s hand, concerned for his own safety. Moore then admitted that he had cocaine in his pocket.
The majority concludes that Hammack “detained” Moore when he asked him to step to the front of the patrol car so that Hammack could complete the trespass notice. I disagree. At that point, Hammack and Moore were engaged in a consensual encounter — not a detention. Admittedly, when a property owner asks an officer to issue a trespass warning to an individual, the officer cannot complete this task without “stopping” the individual sought to be trespassed and requesting that that individual stay to receive the trespass warning. However, that stop is a consensual encounter, Rodriguez v. State, 29 So.3d 310, 311 (Fla. 2d DCA 2009), that does not become an unauthorized detention under the Fourth Amendment unless the officer “hinder[s] or restrict[s] the person’s freedom to leave or freedom to refuse to answer inquiries,” Popple v. State, 626 So.2d 185, 187 (Fla.1993); see also A.L. v. State, 133 So.3d 1239, 1241 (Fla. 4th DCA 2014) (“A consensual encounter becomes a Terry stop ‘when an officer makes an official show of authority from which a reasonable person would conclude that he or she is not free to end the encounter and depart.’ ” (quoting Smith v. State, 95 So.3d 966, 968 (Fla. 1st DCA 2012))). As with any consensual encounter, the officer is not obligated to inform the person that he or she is free to leave. The officer is free to go about his or her business of writing the notice but may not detain the individual if he or she likewise wants to go about his or her business.
Here, Hammack took no steps to hinder or restrict Moore’s freedom to leave, nor did Hammack order Moore to answer inquiries. Hammack did not refuse a request from Moore to leave, nor did he block Moore’s path or otherwise take any action that would convert this consensual encounter into an unauthorized detention. In light of this, I cannot agree with the majority’s broad assertion that an officer may not stop an individual to issue a written trespass warning unless “the individual has committed or is about to commit a crime.” In my view, the officer may “stop” the individual. What he may not do is “detain” the individual.
*1294 As support for its position, the majority cites to the case of Gestewitz. But the detention in Gestewitz was unauthorized because Gestewitz attempted to end the consensual encounter with the officers, at which point they specifically told him that he was not free to leave until after the written warning was issued — thus converting the consensual encounter into a detention. 34 So.3d at 834-35. Here, Moore made no such attempt to depart and so there was no effort to end a consensual encounter that was thwarted by the officer.
Furthermore, the trial court made no findings to support the majority’s statement that “a show of authority” took place, and I do not agree with the majority’s interpretation of the record to mean that Hammack told Moore that he had no choice about whether to stay and wait for the written trespass notice to be written. In context, I believe — as the trial court apparently did — that Hammack’s “no choice” statement referred to Moore having no choice about whether the owner could have the trespass notice issued. I would defer — as we are bound to do — to the trial court’s findings of fact concerning the meaning of Hammack’s statement given that the trial court was present for the testimony and had the opportunity to hear the statement in its full context.
Moreover, even though Hammack testified he “detained” Moore, this was simply his honest opinion that a lawful detention in the performance of his duties occurred, not that an unauthorized detention occurred. And Hammack’s opinion about whether or not Moore was detained — when that opinion was never tested by any action by Moore — is not dispositive of the issue. Cf. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (holding that the police officer’s “(Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis”). However, once Moore attempted to reach in his pocket after Hammack asked whether he had drugs or weapons on his person, concerns for officer safety independently authorized a further detention.
Thus, because Moore made no attempt whatsoever to leave and because there was no argument below that his free will was not available for him to do so, I would affirm the trial court’s denial of his motion to suppress.